### BABE SUMMERLIN v. STATE.

#### No. 2261.  Decided February 5, 1913.

**1.—Assault to Murder—District Judge—Special District Judge.**

Where, upon trial of assault to murder, the district judge was called to the bedside of a sick child during the trial, and thereupon one of the counsel of the defendant and the district attorney agreed upon a special judge to proceed with the trial, the judgment of conviction, in the absence of the regular judge, is a nullity and void; it not being shown that the regular judge was disqualified.

**2.—Same—Constitutional Law—Special Judge.**

The election by agreement of parties of a special judge when the regular judge is disqualified must be done under the Constitution and laws of the State or the judgment is a nullity. Following Abrams v. State, 31 Texas Crim. Rep., 449.

**3.—Same—Rule Stated—Jurisdiction and Consent.**

Parties cannot independently of constitutional or statutory provision confer judicial authority upon a special judge, and where this is attempted, a judgment by the appointee is a nullity, and the parties will not be estopped by their consent from denying the jurisdiction. Legislation is suggested.

**4.—Same—Special Judge—Oath of Office.**

A special judge who is otherwise legally appointed or selected must take the oath of office in order to justify his sitting in the case trying it.

Appeal from the District Court of Fisher. Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*L. B. Allen,* for appellant.—On question of special judge: Early v. State, 9 Texas Crim. App., 476; Davis v. State, 44 Texas, 523; Reed v. State, 55 Texas Crim. Rep., 137; Oats v. State, 56 Texas Crim. Rep., 571; Perry v. State, 14 Texas Crim. App., 166; Wilson v. State, 14 id, 205; Smith v. State, 24 id, 290; Blanchette v. State, 29 id, 46.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Necome v. Light, 58 Texas, 141; Chambers v. Hodges, 23 id, 104; Gains v. Barr, 60 id, 676; Lacy v. Barrett, 75 Mo., 469.

DAVIDSON, PRESIDING JUDGE.—This conviction was for assault to murder. The case proceeded to trial under the regular judge of the District Court until it reached that stage where the record states "The State and defendant here rests." It seems from this that the trial had proceeded to a point where the State had introduced its evidence and defendant had introduced his evidence. At this point the regular judge was called over the phone from his home in another county, informing him that his child was ill and was worse, the child having been sick for some time. While the judge was attending the call at the phone Mr. Allen, counsel for appellant, also absented himself from the courtroom after a conversation with the judge and went to his office for a short time. After being informed of the condition of his child the judge desired to leave the court and go to his home. It was then agreed by Judge Woodruff, who was also engaged in the defense, and the district attorney that they would select another member of the bar, to wit: Mr. McRae. This was reduced to writing and appears of record Mr. Allen, it seems, was not present and did not sign the agreement. The appellant did not sign the agreement or agree to the special judge. It may be proper here to state that Judge Woodruff was only incidentally in the case. Mr. Allen was appellant's attorney. Mr. McRae was called and set as special judge during the remainder of the trial, the regular judge having taken his departure for his home. After Mr. McRae assumed the bench the State introduced four witnesses in rebuttal, and the case proceeded, the jury having been instructed by Judge McRae, who, after considering the case, returned a verdict finding appellant guilty of assault to murder, assessing his punishment at two years confinement in the penitentiary. The verdict was received, the jury discharged and judgment entered. On motion for new trial there came a contest in regard to the authority of Judge McRae to act as special judge. It is testified by Judge McRae, as shown by the bill of exceptions, that he did not take the oath of office, and there was some evidence to the effect that Judge Woodruff stated to the district attorney that no advantage would be taken of any

formalities with reference to the selection and incumbency of Judge McRae as special judge. Judge Woodruff was not present or used as a witness in regard to this phase of the case. So we may state or sum up the matter in this wise: Judge Thomas, the regular judge, left the court in the midst of appellant's trial and went home. By agreement of counsel Judge McRae was selected in his stead to continue the trial; that Judge McRae did not take the oath of office, and that Judge Thomas, the regular judge, was in no manner disqualified to act as judge; that he simply vacated the bench to attend the bedside of his sick child. Under this state of case appellant contends that the judgment is void for two reasons: first, that Judge McRae could not act as special judge in view of our constitutional and statutory enactments and requirements, and, second, that he did not take the oath of office, and therefore he was not a special judge. We are of the opinion that these contentions are well taken.

The Constitution provides that "no judge shall sit in any case wherein he may be interested or when either of the parties may be connected with him either by affinity or consanguinity within such degree as may be prescribed by law, or when he shall have been of counsel in the case. * * * When a judge of the District Court is disqualified by any of the causes above stated, the parties may by consent appoint a proper person to try said case, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law, and the district judges may exchange districts or hold court for each other when they may deem it expedient and shall do so when required by law." There was no contention nor is it fact that Judge Thomas, the regular judge, was disqualified. So it is unnecessary to discuss that phase of the law. The statute, article 1675, Revised Civil Statutes, enumerates the disqualifications set out in the Constitution and provides no district judge can sit in any case under any such circumstances. There are three modes by which a judge may be selected to take the place of the regular presiding judge: First, where the regular judge fails to appear at the appointed time and place for holding his court, an election of a special judge shall be held in accordance with the statutory provisions; second, where the regular judge is from any cause disqualified to try the case the parties thereto may select a special judge to try the case by agreement; third, should the parties fail to agree, the district judge shall certify the fact to the Governor, who shall appoint a special judge to try the case. It is unnecessary to consider the first and third grounds. The contention is that inasmuch as the regular judge was not disqualified, there could be no agreement under the statute to have a substitute judge. The statute, article 1677 of the Revised Civil Statutes, reads as follows: "Whenever a special judge is agreed upon by the parties for the trial of any particular cause, as above provided, the clerk shall enter in the minutes of the court as a part of the proceedings any such cause

and record showing, first, that the judge of the court was disqualified to try the case, and, second, that such special judge, naming him, was by consent agreed upon by the parties to try the cause, and, third, that the oath prescribed by law had been duly administered to such special judge.'' The previous articles 1675 and 1676 have reference only to where the regular judge is disqualified from sitting as a judge. It does not include any authority or suggestion in any of the provisions of any of these statutes that there can be an agreed judge except where the regular judge is disqualified. The disqualifications have been previously mentioned. It is, therefore, deducible, and correctly, from these provisions of the law, that Judge Thomas, first, was not disqualified, and, second, that until the regular judge is disqualified, the agreement of parties mentioned in the article above quoted cannot become operative, and, third, that by the plain provisions of the statute it is only when the regular judge is disqualified that parties are authorized to agree upon a special judge.

Referring to the Code of Criminal Procedure, we find that article 617 reads as follows: ''No judge or justice of the peace shall sit in any case where he may be the party injured or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree.'' Article 618 of the Code of Criminal Procedure thus provides: ''If a judge of the District Court shall be disqualified from sitting in any criminal action pending in his court, no change of venue shall be made necessary thereby, but the parties or their counsel shall have the right to select and agree upon an attorney of the court to preside as special judge in the trial thereof.'' The following article 619 in substance provides that should the parties fail to agree on or before the day set for the trial of the criminal docket, the district judge shall certify the fact to the Governor, who shall appoint some practicing attorney learned in the law to try such case, and article 620 requires before the special judge enters upon his duties as judge he shall take the oath of office required by the Constitution, and that his selection by the parties or appointment by the Governor, as the case may be, and the fact the oath of office was administered to him shall all be entered upon the minutes of the court as part of the record of the case. Thereafter he shall have all the power and authority of the district judge that may be necessary to enable him to conduct, try determine and finally dispose of the case. It will be seen that these provisions in the Code of Criminal procedure, which relate perhaps more to the trial of criminal cases than those in Revised Civil Statutes, only authorize, as does the Civil Statutes, the selection by agreement of parties of a special judge when the regular district judge is disqualified. So it will be seen that from any view point of the constitutional provision and statutory enactments, there is no authority whereby the parties may agree to a special judge in a case like this. That before a special judge can be agreed upon under the circum-

stances of this case, the regular judge must be disqualified to sit. There is no where in our law a disqualification of a judge by reason of the sickness of any member of his family. The constitutional disqualifications have been mentioned. Article 617, supra, it seems has provided another, to wit: That if the district judge is the injured party, or is related within the inhibited degree to the injured party, this may serve as a disqualification. It is unnecessary to discuss this phase of the statute as to whether it is constitutional or not, because it does not arise in the case. The regular district judge was not the injured party, nor was he related to the injured party. In order to constitute a special judge under the law his appointment or selection must come within the provisions of the law. This has been held to be mandatory and prerequisite. In Abrams v. State, 31 Texas Crim. Rep., 449, these matters were reviewed at some length, and the conclusion reached that "a judgment rendered by a court presided over by a disqualified judge is a nullity, and the case would remain undisposed of as completely as if the judge had not been present at the court," citing a great number of cases in support of the statement. And it has always been held that where a judge is disqualified, he cannot be permitted to sit in the case, even with the consent of the parties; that such consent could not remove the disqualification or incapacity and authorize the judge to sit against the prohibitions of the law. These provisions of the law are designed not merely for the protection of the parties to the suit, but for the general interest of society. It is true that in the Abrams case the question at issue was the disqualification of the judge. The issue here would be more correctly stated in this way: that the attorney who acted as special judge was unauthorized to sit in the case, and that, therefore, there could be no judgment; that under no phase of the law could he be constituted a judge, and, therefore he did not preside over a court that tried the case and rendered the judgment. It has also been held that where the mode of selection of special or substitute judges is prescribed by law and the causes for such selection are indicated, other modes and other causes are thereby excluded. This is especially true if these are set forth in the Constitution. It is also laid down as a correct rule that parties cannot independently of constitutional or statutory provision, confer judicial authority, and where this is attempted a judgment by the appointee is a nullity. Nor will the parties be estopped by their consent from denying the jurisdiction. In support of the proposition that the appointment under such authority would be a nullity, see Hyllis v. State, 45 Kan. 478; Dansby v. Beard, 39 Ark. 254; Gaiter v. Wasson, 42 Ark. 126. Without giving the style and number of other cases in support of the rule above stated, we cite the decisions of Colorado, Iowa, Illinois, Indiana and Tennessee. And in support of the second proposition, that is, that the parties will not be estopped by their consent from denying jurisdiction, we cite the decisions of Colorado, Georgia, Illinois and Indiana. Many

of these decisions will be found collated in notes 2 and 3, 11 Ency. of Pleading and Practice, page 788. In this connection, we desire to call the attention of the Legislature to the fact that the different statutes, both in Revised Civil Statutes and Revised Code of Criminal Procedure are incongruous, and would suggest the proper legislation be had in order to harmonize these different statutes.

It will be readily seen from the statutes above quoted and cited that the substitute or special judge must take the oath of office. Therefore, to restate briefly, the selection of Mr. McRae as special judge in the case was not authorized by the Constitution or statute; that the selection of a special or substitute judge by agreement of the parties is only authorized when the regular judge is disqualified from sitting; that appellant did not waive or lose any of his rights in the matter by agreeing to the selection of the substitute judge; and that a special judge must take the oath of office in order to justify his sitting in the case trying it.

There are some other matters suggested for revision, but in the light of what has been said we deem it unnecessary and perhaps would not be justified in treating those subjects inasmuch as the case was not authoritatively tried.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*