· EARL DAWES v. THE STATE.

No. 5825.   Decided June 2, 1920.

**Trial Judge—Bills of Exception—Practice on Appeal.**

Where the court judicially knows that the judge who signed all or-
ders, charges, and bills of exception in the record on appeal is not the judge
of said District Court, and nothing appears in the record how any special
judge became qualified or authorized to act, etc., the judgment must be
reversed and the cause remanded.

Appeal from the District Court of Wichita.   Tried below before the
Honorable P. A. Martin, Special Judge.                       •

Appeal from a conviction of theft; penalty, two years imprisonment
in the penitentiary.

The opinion states the case.

*T. F. Hunter*, for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of felony theft in
the District Court of Wichita County, and his punishment fixed at two
years confinement in the penitentiary.

This Court judicially knows that Hon. P. A. Martin is not judge
of the Thirtieth Judicial District of this State.   We observe that all
orders, charges, and bills of exception in this record are signed "P. A.
Martin, Special Judge, 30th Judicial District"   Nothing appears in
the record showing how any special judge became qualified or author-
ized to act herein, or that any oath of office was administered to him
The uniform holding of this Court seems to be that such facts must
appear in the record.   McMurry v. State. 9 Texas Crim. App., 208;
Thompson v. State, 9 Texas Crim. App., 649; Snow v. State. 11 Texas
Crim. App., 99; Perry v. State, 14 Texas Crim. App., 167; Smith v.
State, 24 Texas Crim. App., 297; Blanchette v. State, 29 Texas Crim.
App., 46: Weatherford v. State, 28 S. W. Rep., 814.: Reed v. State.
55 Texas Crim. Rep., 138; Summerlin v. State, 69 Texas Crim. Rep.,
275, 153 S. W. Rep., 890.

For the reason that no such authority anywhere appears in the
record, the judgment is reversed and the cause remanded.

*Reversed and remanded.*