## STEVE NORMAN V. THE STATE.

No. 9379.   Delivered October 7, 1925.

Rehearing denied November 18, 1925.

**1.—Manslaughter—Special Judge—Practice in Trial Court.**

Where a special judge sits in the trial of a cause, under Art. 620 C. C. P. it is specifically declared that upon the selection of such special judge he shall take the oath of office required by the Constitution of the State, and the fact that such oath was administered and the reasons for and manner of his election shall be entered upon the minutes of the court and become a part of the record in the cause.   In the instant case these requirements of our Statute not having been complied with the judgment is reversed, and the cause remanded. Following Smith v. State, 24 Tex. Crim. App. 290 and other cases cited.

### ON REHEARING.

**2.—Same—Record Corrected.**

On motion for rehearing by the State the record has been perfected with reference to the election and qualification of the special judge, and the cause will be considered on its merits.

**3.—Same—Confession of Accused—Before Grand Jury—Not Admissible.**

Where an accused under arrest is taken before the grand jury and a statement there made by him, such statement if not reduced to writing in compliance with the Statute, cannot be used in evidence against him upon his trial.   The fact that the oral confession was made before the grand jury and was admitted for impeachment purposes does not exempt it from the operation of the Statute. See Art. 810 C. C. P. Vernon's Tex. Crim. Stats. Following Wisdom v. State, 42 Tex. Crim. Rep. 579 and other cases cited.

Appeal from the District Court of Red River County. Tried below before the Hon. R. J. Williams, Special Judge.

Appeal from a conviction of manslaughter, penalty five years in the penitentiary.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is manslaughter; punishment fixed at confinement in the penitentiary for a period of five years.

It appears from the record that a special judge presided at the trial. The Statute indicates that the Legislature contemplated that the reason for and the manner of election of the special judge should be disclosed by the minutes of the court. In Art. 620, C. C. P., it is specifically declared that upon the selection of a special judge, he shall take the oath of office required by the Constitution of the State, and the fact that such oath was administered should be entered upon the minutes of the court and become a part of the record in the cause. The record in the present case is silent as to all of these matters. The uniform construction by this court has been that in the absence of a substantial compliance with the Statute mentioned, the conviction could not stand. See Smith v. State, 24 Texas Crim. App. 290; Reed v. State, 55 Tex. Crim. Rep. 138; 114 S. W. Rep. 834; Dawes v. State, 222 S. W. Rep. 560. It is believed that the practice of this court to hold it imperative, where the record on appeal shows that the case was tried before a special judge that the record should also show that he qualified by taking the oath of office, reflects a correct rule of practice to which adherence should be given. In the present case, therefore, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—On motion for rehearing by the State the record has been perfected with reference to the election and qualification of the special judge.

Appellant was a young negro, about nineteen years of age. He had been married but a short time. There was evidence to the effect that his wife had been criminally intimate with another negro by the name of Atkins. The deceased, Atkins, and the appellant were at a picnic on the day of the homicide. Appellant had been informed of the infidelity of his wife, and at the picnic, she was associating with Atkins. Appellant expressed the desire that she go home with him. She demurred and a quarrel ensued in which she was struck by the appellant with a knife and a wound inflicted from which she died.

The State introduced the written confession of the appellant in which he explained the homicide in harmony with the theory above stated. In the confession he recounted his various efforts to prevent the association of the deceased with Atkins. He described their conduct and his conversation with her. In

his testimony given upon the trial, appellant gave a descrip-
tion of the incidents of the occasion of the homicide in harmony
with the confession, stating in substance that he had taken his
knife out of his pocket for another purpose and without the
intention of striking his wife with it; that he had formed no
intention of striking her; but that during the quarrel over her
relations with Atkins and her reluctance to go home he, in a
fit of passion, struck her with the knife without, at that time,
intending to kill her.

While in jail, appellant was taken before the grand jury
and interrogated.   He was given the warning that his state-
ments might be used against him but not in his favor, but
the testimony given before the grand jury was not reduced
to writing.   Upon the trial, the members of the grand jury
testified that during his examination in the grand jury room
he was asked why he killed his wife and he said: *"Because she
would not mind him."*   The court instructed the jury that these
remarks were usable for impeachment only.   Appropriate ob-
jections were made to the receipt of the testimony, and in our
opinion, they should have been sustained.   Appellant was under
arrest at the time and was brought before the grand jury and
the statements made while he was in custody.   The evidence
adduced was out of harmony with the written confession which
the State had introduced, and also at variance with the ap-
pellant's own testimony given upon the trial.

The Statute upon the subject of confession forbids the in-
troduction of one made while under arrest unless in writing
and signed by the accused, except under certain circumstances
which are not in the present case.   Art. 810, C. C. P., Ver-
non's Tex. Crim. Stat., Vol. 2, p. 750.   The fact that the con-
fession was made before the grand jury and that the testi-
mony adduced was used for impeachment purposes does not
exempt it from the operation of the Statute.   This rule has
been announced in many decisions of this court.   See Wisdom
v. State, 42 Texas Crim. Rep. 579; Oliver v. State, 81 Texas
Crim. Rep. 530; Bloxon v. State, 86 Tex. Crim. Rep. 562; Wil-
liams v. State, 88 Tex. Crim. Rep. 95.

The evidence would warrant a verdict of manslaughter, or
a lower grade of offense, depending on the intent, the knife
used not being a deadly weapon per se, but taking note of the
fact that the penalty assessed is the maximum permitted for
the offense of manslaughter, we are not able to declare that the
jury was not influenced to the prejudice of the appellant by
the testimony improperly received.

For that reason the State's motion for rehearing is over-ruled.

*Overruled.*