## FORTINO SALAZAR V. THE STATE.

No. 9693. Delivered October 14, 1925.

Rehearing granted State November 11, 1925.

#### 1.—Assault to Murder—Special Judge—Statutory Requirements.

Where a cause is tried before a special judge, the record must show that he took the oath of office before entering on his duties, and the fact that the oath of office has been administered to him shall be entered upon the minutes of the court. Upon this, the present record is silent, and the cause must be reversed.

##### ON REHEARING

#### 2.—Same—Record Corrected—Cause Affirmed.

In a motion for rehearing the State presents a certified copy of the minutes of the trial court, correcting the record. There are no statements of facts nor bills of exception in the record, and on rehearing our original opinion will be set aside, and the cause affirmed.

Appeal from the District Court of Medina County. Tried below before the Hon. L. J. Brucks, special Judge.

Appeal from a conviction of an assault to murder, penalty seven years in the penitentiary.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault to murder; punishment fixed at confinement in the penitentiary for a period of seven years.

From the transcript before us, it appears that the trial took place before a special judge. The Statute requires that before a special judge shall enter upon his duties, he shall take the oath of office required by the Constitution, and his selection and the fact that the oath of office has been administered to him shall be entered upon the minutes of the court as a part of the record in the cause. Upon this subject the present record is silent. That it is essential that the oath of office be taken and that the record reveal it has often been declared by this court. See Smith v. State, 24 Texas Crim. App. 290; Reed v. State, 55

Texas Crim. Rep. 138; 114 S. W. Rep. 834; Dawes v. State, 222 S. W. Rep. 560.

As the matter is presented, we have no choice but to order a reversal of the judgment, which is accordingly done.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Accompanying the State's motion for rehearing is a certified copy correcting the record.

There is an absence of a statement of facts. None of the rulings of the trial court are brought up for review by bills of exception.

The indictment appears regular.

In the motion for new trial appellant claims that he was misled in entering a plea of guilty. This is controverted. The court, on hearing the evidence, overruled the motion. The evidence which was before the court is not brought to this court for review. In its absence, the presumption must be indulged that in overruling the motion the learned trial judge did not abuse his discretion.

The State's motion for rehearing is granted, the order of reversal is set aside, and the judgment is affirmed.

*Affirmed.*