### KID HARRIS V. THE STATE.

No. 9426.   Delivered January 13, 1926.

Rehearing denied State November 24, 1926.

#### 1.—Murder—Special Judge—Oath of Office—Necessary to Qualification.

Where a cause is tried before a special judge the statute requires that he shall take the oath of office required by the Constitution. The record in the instant case is silent as to any oath of office having been taken by the special judge who tried the case, and the same must be reversed and remanded. See Salazar v. State, 276 S. W. 1105.

#### ON REHEARING BY STATE.

#### 2.—Same—Special Judge—Appointment of Governor—Held Unauthorized.

Under Art. 1885, R. S. 1925, the Legislature has declared that as a condition precedent to appointing a practicing lawyer to try the case in which the District Judge is disqualified, the Governor shall first designate some District Judge in an adjoining district to try the case. If the judge so designated is prevented from doing so, and the parties fail to agree upon a special judge, then the Governor is privileged to make the appointment. These conditions present, not appearing from the record in the instant case, the appointment of the special judge by the Governor was not authorized, and the motion by the state for rehearing is overruled. See Patterson v. State, 87 Tex. Crim. Rep. 95; Thompson v. State, 9 Tex. Crim. App. 649; Strahan v. State, 87 Tex. Crim. Rep. 324, and Woodmen of the World v. Alexander, 239 S. W. 343.

Appeal from the District Court of Fannin County. Tried below before the Hon. Ben H. Denton, Special Judge.

Appeal from a conviction for murder, penalty twenty years in the penitentiary.

The opinion states the case.

*Cunningham & Lipscomb* of Bonham, for appellant. On power of Governor to appoint special district judge, appellant cites:

Sec. 11 of Art. 5 of Constitution.

Art. 618 C. C. P.

Oates v. State, 121 S. W. 370.

Abrams v. State, 31 Tex. Crim. Rep. 449.

Summerlin v. State, 155 S. W. 890.

January v. State, 36 Tex. Crim. Rep. 488.

Manning v. State, 181 S. W. 687.

Strahans v. State, 221 S. W. 976.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder, and the punishment is twenty years in the penitentiary.

The record discloses that the trial took place before a special judge. The statute requires that, before a special judge shall enter upon his duties, he shall take the oath of office required by the Constitution, and his selection and the fact that the oath of office has been administered to him shall be entered upon the minutes of the court as a part of the record in the cause. The record in the instant case is silent as to any oath of office having been taken by the special judge.

That the record must reveal that the oath of office has been taken has been held in many cases. Salazar v. State, 276 S. W. 1105.

For the error above indicated, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING BY STATE.

MORROW, PRESIDING JUDGE.—At the trial of the appellant's case, the Honorable Ben H. Denton presided as special district judge. His appointment was made by the Governor, the procla-

mation appointing him reciting that the Honorable George P. Blackburn, Judge of the Sixth Judicial District of Texas, had certified his disqualification in certain named cases, among them that of the appellant. The proclamation proceeds:

"Now, therefore, I, Miriam A. Ferguson, Governor of Texas, by virtue of the authority vested in me by the Constitution and laws of this state, do hereby appoint the Honorable Ben H. Denton of Lamar County, Texas, he being a person learned in law, special judge to try and determine the above styled and numbered causes."

The appointment was duly certified by the Secretary of the State and oath of office was taken.

Upon this appeal the validity of the appointment and the authority of the Honorable Ben H. Denton to preside as special judge of the court in which the appellant was tried is challenged. In Art. 5, Sec. 11 of the Constitution of Texas, we find the following:

"When a judge of the district court is disqualified by any of the causes above stated the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law."

The statutory provisions bearing upon the subject are the following:

"No change of venue shall be necessary because of the disqualification of a district judge, but he shall immediately certify his disqualification to the Governor, whereupon the Governor shall designate some district judge in an adjoining district to exchange and try such case or cases, and he shall notify both of said judges of such order; and such judges shall exchange districts for the purpose of disposing of such case or cases. If said judges be prevented from exchanging districts, the parties or their counsels may agree upon an attorney of the court for the trial thereof, and failing to agree, such fact shall be certified to the Governor by the district judge, or the special judge, whereupon the Governor shall appoint a person legally qualified to act as judge in the trial of the case." (Art. 1885, R. S., 1925.)

"Whenever a special judge is agreed upon for the trial of a particular cause, the clerk shall enter in the minutes of the court, as a part of the proceedings in such cause, a record showing:

"1. That the judge of the court was disqualified to try the cause; and

"2. That such special judge (naming him) was, by consent, agreed upon by the parties to try the cause; and

"3. That the oath prescribed by law has been duly administered to him." (Art. 1886, R. S., 1925.)

When it appears from the record that a criminal case is tried before a special judge, it is essential that the record show his authority to act and his oath of office. On this subject we quote from the opinion of Judge Lattimore in the case of Dawes v. State, 87 Tex. Crim. Rep. 452, as follows:

"Nothing appears in the record showing how any special judge became qualified or authorized to act therein, or that any oath of office was administered to him. The uniform holding of this court seems to be that such facts must appear in the record. McMurry v. State, 9 Tex. Crim. App. 208; Thompson v. State, 9 Tex. Crim. App. 649; Snow v. State, 11 Tex. Crim. App. 99; Terry v. State, 14 Tex. Crim. App. 167; Smith v. State, 24 Tex. Crim. App. 297; Blanchette v. State, 29 Tex. Crim. App. 46; Weatherford v. State, 28 S. W. 814; Reed v. State, 55 Tex. Crim. Rep. 138; Summerlin v. State, 69 Tex. Crim. Rep. 275, 153 S. W. 890."

In Title 40, Chapter 8, C. C. P., are found the statutory provisions as to the manner of selection of special judges and the things that the record must reveal. In addition to the articles quoted above, we find Art. 1891, R. S., 1925, touching the election of a special judge, which reads as follows:

"The clerk shall enter upon the minutes of the court a record of the election of such special judge, showing:

"1. The names of all the practicing lawyers present and participating in such election.

"2. The fact that the public proclamation was made at the courthouse door that such election was about to take place.

"3. The number of ballots polled at such election and the number polled for each person, and the result of the election.

"4. That the oath prescribed by law has been duly administered to the special judge."

In the present case the record is not silent but is specific in stating the manner of the appointment and the reason therefor. Tested by the record so made, it is manifest that in making the appointment, important parts of Art. 1885, supra, were ignored. In that article the legislature has declared that as a condition precedent to appointing a practicing lawyer to try the case in which the district judge is disqualified, the Governor shall first designate some district judge in an adjoining district to try the

case.    If the judge so designated is prevented from doing so, and the parties fail to agree upon a special judge, then the Governor is privileged to make the appointment.    In the present case, the record seems to show that the appointment was made without the occurrence of either of the conditions precedent mentioned. The record before this court fails to show that there was any agreement to try the case before a special judge, and in the absence of some affirmative showing in the record, as was done in Patterson's case, 87 Tex. Crim. Rep. 95, this court cannot assume that there was such an agreement.    Moreover, aside from the statute requiring that if the special judge is appointed on agreement that the record reveal it, there are announcements by this court to the effect that the agreement should be a matter of record.    See Thompson v. State, 9 Tex. Crim. App. 649; Smith v. State, 24 Tex. Crim. App. 298.    If the conditions precedent named in Art. 1885, supra, are within the scope of the legislative authority, the appointment of the special judge upon the sole ground that the regular judge was disqualified would be unauthorized.    It has been held that since the Constitution conferred upon the parties the absolute right to select a special judge by agreement when the regular judge was disqualified, the legislature was without authority to make the exercise of that privilege conditioned upon any other matter not embraced in the Constitution.    See Patterson v. State, supra; also Strahan v. State, 87 Tex. Crim. Rep. 324; Woodmen of the World v. Alexander, 239 S. W. 343.    With that exception, it has never been held that there were any constitutional provisions incompatible with the authority of the legislature to surround the appointment of a special judge with the restrictions named in Art. 1885, supra. As applied to the present case, it is possible that the Constitution itself may require, as a condition precedent to the selection of a special judge by other means, that there must be a failure of the parties to select one by consent.    However, that may be, it is patent that upon the present record, the sole reason given for appointing the special judge by the Governor is the disqualification of the regular judge.    Neither by the proclamation nor otherwise is it suggested that any of the conditions precedent to such appointment named in Art. 1885, supra, obtain, and the record fails to contain any entry showing that the special judge was selected by agreement, as required in Art. 1886, or by election, as required by Art. 1891.    The opinion of this court in Strahan v. State, 87 Tex. Crim. Rep. 325, is upon an analogous state of facts.    If there appeared that the special judge was

elected by the members of the bar without any showing that the conditions upon which the election might take place existed. This court held that the record excluded the idea that the special judge presided either by appointment of the Governor under the conditions named in the statute or by agreement.

From our investigation of the subject, we are forced to the conclusion that the record shows that the judge who presided at the appellant's trial was not selected under the authority of the Constitution and the statutes of this state.

The other bills of exceptions pertain to matters, some of which will not occur upon another trial, the others which are deemed unimportant.

For the reasons stated, the state's motion for rehearing is overruled.

*Overruled.*