## ROGERS v. STATE. (No. 10714.)

(Court of Criminal Appeals of Texas.
Feb. 23, 1927.)

**Criminal law ⟝1090(1)—Where record contains neither statement of facts nor bills of exception, nothing is presented for review.**

Nothing is presented to the Court of Criminal Appeals for review, where the record contains neither statement of facts nor bills of exception.

Appeal from District Court, Camp County; R. T. Wilkinson, Judge.

Winfield Rogers was convicted of forgery, and appeals. Affirmed.

C. E. Bryson and J. A. Guest, both of Pittsburg, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for forgery; punishment being two years in the penitentiary.

The record contains neither statement of facts nor bills of exception. In this condition nothing is presented for review.

The judgment is affirmed.

---

## SEWELL v. STATE. (No. 10292.)

(Court of Criminal Appeals of Texas. Oct. 6, 1926. Rehearing Granted Feb. 23, 1927.)

**Criminal law ⟝1090'(1)—Where no statement of facts nor bills of exception appeared in record, nothing was presented for review on appeal.**

Where application for continuance was denied and special charges were refused, but no exceptions were taken, and no statement of facts nor bills of exception appeared in record, nothing was presented for review on appeal from conviction for murder, and judgment had to be affirmed.

Appeal from District Court, Denton County; B. W. Boyd, Special Judge.

W. J. Sewell was convicted of murder, and he appeals. Affirmed.

Noah Roark, of Dallas, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for murder; punishment being five years in the penitentiary.

The record discloses that the trial was had before a special judge, but fails to show why or how he was selected, or that proper oath was administered. Article 556, C. C. P. 1925 Rev., and authorities noted under said article in Vernon's C. C. P. vol. 1. See, also, Norman v. State, 102 Tex. Cr. R. 5, 277 S. W. 126, and authorities therein cited.

The judgment must be reversed, and the cause remanded.

### On Motion for Rehearing.

The state has filed its motion for rehearing and in connection therewith presents a supplemental transcript from the trial court, supplying an omission in the original transcript which required a reversal of the cause; hence the order of reversal will be set aside and the rehearing granted.

No statement of facts nor bills of exception appear in the record. Application for continuance was presented and denied, and a number of special charges were requested and refused, but no exception seems to have been reserved to the court's action in either instance. Even had exceptions been reserved, we would be in no position to review the questions intelligently because of the absence of the facts.

In the condition of the record, nothing is presented for review, and the judgment is affirmed.