

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann          AUSTIN 11, TEXAS
~~J̶Q̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶~~
ATTORNEY GENERAL

Honorable Reuben Williams
Secretary to the Governor
Austin, Texas

Dear Mr. Williams:

> Opinion No. O-1566
> Re: Authority of Governor to ap-
> point an attorney to try a
> suit where the regular judge
> is disqualified.

This department acknowledges receipt of your letter of the 9th inst., in which you state:

> "Mr. J. F. Hair, Attorney for the Plaintiffs in Cause No. 62381, the State of Texas, et al v. Gulf Production Company, et al, pending in the 53rd Judicial District Court of Travis County, Texas, has requested Governor O'Daniel to appoint a special District Judge to preside in said cause for the reason that all four Judges in the Administrative Judicial District, including the presiding Judge before whom the case is pending, are disqualified to sit in this case and for the reason that Mr. Hair will not agree upon the appointment of an attorney to act as Special Judge.
>
> "It is our understanding that under Article 1885, Revised Civil Statutes, 1925, the Governor is authorized to designate some District Judge in an adjoining district to exchange benches and try a case when the presiding judge has certified his disqualification to the Governor. Mr. Hair has taken the position that Article 1885 does not apply to those cases pending in a District Court where the presiding Judge of the Administrative Judicial District is disqualified to try the case. I will appreciate your informing the Governor whether or not he is authorized to request the Judge before whom this cause is pending to exchange benches with a Judge of an adjoining district to try this case."

In the case of Moore v. Davis, 32 S.W. (2) 181 (Com. App.), it was held that the administrative judicial act of the 40th Legislature (Vernon's Article 200a) relating to the assignment of District Judges is cumulative of other statutes relating to the same subject. We see, therefore, that it is not necessary to consider this act in answering the question propounded by you.

In view of the decision in the case of Harris v. State, 288 S.W. 450 (Court of Criminal Appeals), it will not be necessary for us to discuss the question whether parties to the suit by virtue of Article 5, Section 11 of the Constitution may agree upon an attorney to try the case. Your letter states that one of the attorneys will not agree upon the appointment of an attorney to act as special judge.

This leaves us to a consideration of Article 1885, R.C.S., 1925, which reads as follows:

> "No change of venue shall be necessary because of the disqualification of a district judge, but he shall immediately certify his disqualification to the Governor, whereupon the Governor shall designate some district judge in an adjoining district to exchange and try such case or cases, and he shall notify both of said judges of such order; and such judges shall exchange districts for the purpose of disposing of such case or cases. If said judges be prevented from exchanging districts, the parties or their counsels may agree upon an attorney of the court for the trial thereof, and failing to agree, such fact shall be certified to the Governor by the District Judge, or the special judge, whereupon the Governor shall appoint a person legally qualified to act as judge in the trial of the case."

If the district judge before whom the cause is pending has not certified to the Governor his disqualification, the Governor does not have authority to take any action whatever with reference to the case. Your letter does not state whether the Governor has received a certificate of disqualification from the District Judge.

If the Governor has received a certificate of disqualification from the District Judge, he is not authorized in the first instance to appoint an attorney as a special judge. See Blanks v. State, 288 S. W. 452 and Harris v. State, supra. The Governor merely has authority to designate some district judge in an adjoining district to

to exchange benches with the regular judge and to notify both judges of his order.

If the judges are prevented from exchanging benches, the parties to the cause may then agree upon an attorney for the tril of the case. If the parties fail to agree, such fact may be certified to the Governor by the District Judge, and upon the receipt of a certificate of the inability of the parties to agree, the Governor may then appoint a person legally qualified to act as Judge.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
s/ H. Grady Chandler
H. Grady Chandler
Assistant

HGG:BT:egw

APPROVED OCT 14, 1939

s/ Robert E. Kepke

Acting ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB Chairman