## YOUNGER BROS., Inc., v. TURNER.
### No. 3541.

Court of Civil Appeals of Texas. Beaumont.

Oct. 19, 1939.

———◇———

Orgain, Carroll & Bell, of Beaumont, for plaintiff in error.

Tom C. Stephenson, of Beaumont, for defendant in error.

O'QUINN, Justice.

Suit by defendant in error, Robert C. Turner, against Younger Brothers, Inc., to recover damages for personal injuries and property damages alleged to have been sustained by him in a collision between an automobile owned and operated by him with a truck owned and operated by plaintiff in error. Citation was duly issued and service had on plaintiff in error commanding it to appear and answer at the next regular term of the district court of Jasper County to be held on November 21, 1938. No answer was filed.

The record reflects that the judge of said court, Hon. F. P. Adams was disqualified to try the case, and so noted his disqualification on the docket of the .court. On December 12, 1938, the attorneys of said court then present elected Hon. E. L. Bruce, of Orange, Texas, as special judge "to preside in all cases in which Judge F. P. Adams was disqualified." Judge Bruce took the oath of office on December 12, 1938, and on said date, December 12, 1938, rendered judgment by default against plaintiff in error and in favor of defendant in error in the sum of $767.58. The judgment recites that the defendant though duly cited to appear and answer wholly made default and that a jury being waived, the matters of fact as well as of law were submitted to the court. The judgment was signed by the special judge, E. L. Bruce. Within the time allowed by law plaintiff in error, Younger Brothers, Inc., duly filed its petition for writ of error, executed its supersedeas bond, and the case is before us for review.

Plaintiff in error presents two assignments of error, each challenging the authority of the special judge to try the cause and enter judgment therein for in that, it is urged, the regular district judge being disqualified to try the case, and the special judge having been elected by the members of the Bar, because in violation of Section 11, Article 5 of the constitution of the State of Texas, Vernon's Ann.St., and contrary to the provisions of Article 1885, R. S.1925, wherefore said election was null and did not confer upon the special judge authority to try the cause, and the judgment rendered and entered by said special judge was without authority and wholly void. These assignments must be sustained. Among other things Section 11 of Article 5 of the constitution provides: "When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law."

Article 1885, R.S.1925, provides: "No change of venue shall be necessary because of the disqualification of a district judge, but he shall immediately certify his disqualification to the Governor, whereupon the Governor shall designate some district judge in an adjoining district to exchange and try such case or cases, and he shall notify both of said judges of such order; and such judges shall exchange districts for the purpose of disposing of such case or cases. If said judges be prevented from exchanging districts, the parties or their counsels may agree upon an attorney of the court for the trial thereof, and failing to agree, such fact shall be certified to

the Governor by the district judge, or the special judge, whereupon the Governor shall appoint a person legally qualified to act as judge in the trial of the case."

Relative to the election by the attorneys of special judge E. L. Bruce, the record reflects the following:

"December 12th. 1938.

"District Judge, F. P. Adams being absent at the call of District Court, on this date, The Bar, upon a vote elected Hon. E. L. Bruce of Orange, Texas, as Special Judge to preside in all cases in which Judge F. P. Adams was disqualified. Judge Bruce was then administered the oath of office by the District Clerk, and proceeded to open court and empanel the petit jury for the fourth week.

"There not being any jury cases for this date the jury was excused till Tuesday morning at 9:00 o'clock.

"Endorsed: Election of Special Judge by the Bar. Filed December 12th, T. B. Prewitt, C. D. C. J. C. Recorded in Vol. N, page 256, Civil Minutes on 12th, day of December, A. D. 1938."

This is the complete record of the proceedings had in the election of the special judge.

Articles 1888 to 1891, R.S.1925, prescribe the requisites for the election of a special judge. They must be substantially complied with. The above record falls far short of showing substantial compliance. But if full compliance with the statutes had been had, still the election would have been of no effect. It would not have been a compliance with Section 11 of Article 5 of the constitution, or of Article 1885 of the R.S. Judge Bruce was not agreed upon by the attorneys for the parties litigant. He was elected by a general vote of all the lawyers present. Neither was he appointed by the Governor after notice of failure of the parties to agree upon an attorney to try the case. Judge Bruce's election by the attorneys as special judge to "preside in all cases in which Judge F. P. Adams (the regular judge) was disqualified," was not in consonance with the constitution or the statutes, and so conferred upon him no authority to try the case and enter judgment. The judgment he rendered is null and void. Strahan v. State, 85 Tex.Cr.R. 609, 221 S.W. 976; Grogan v. Robinson, Tex.Civ.App., 8 S.W.2d 571, writ refused; Warner v. Buckley, Tex.Civ.App., 42 S.W.

2d 116; Harris v. State, 105 Tex.Cr.R. 342, 288 S.W. 450.

The judgment is reversed and the cause remanded.