MILTON IRONS V. THE STATE.

No. 21655. Delivered June 18, 1941.

228

The opinion states the case.

*J. O. Duncan* and *W. A. McIntosh,* both of Gilmer, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the possession of untaxed intoxicating liquor, and by a jury fined the sum of $100.00; from a judgment predicated thereon he appeals.

The facts show that upon probable cause the sheriff of Upshur County and another searched appellant's truck,—out of which he had just gotten,—and found eight half pint bottles of moonshine whisky, there being no evidence thereon of any stamp showing the payment of a tax to the State.

Appellant presents four bills of exceptions in the record.

Bill No. 1 complains because the witness Fennell, one of the officers who searched appellant's truck, testified that he "had information that he (meaning defendant) was going to carry some whiskey to Kelsey to the picnic."

It appears that appellant's attorneys were vigorously objecting to the State offering any proof of any kind relative to this liquor, or any search of the appellant's truck, because of

the absence of a search warrant, and the above testimony was allowed to remain with the jury after the officer witness had volunteered to give the reason why he was watching appellant's truck. It is also noted that immediately upon being approached by the two officers, and a request upon their part that they be allowed to search this truck, appellant gave his consent to them to search the same; whereupon they lifted up the seat thereof and found the eight half pints of untaxed whisky. We do not think this matter evidences any serious error.

Bill of exceptions No. 2 relates to an objection by appellant's attorney to a statement made by officer Fennell that there were identifying marks on these bottles of whisky whereby he could identify them. It was developed in bill No. 4 that these marks were made by the witness and were his initials by which he identified the whisky introduced in evidence as the whisky found in appellant's truck. We see no error in either of said bills.

Bill of exceptions No. 3 relates to the testimony of Sheriff Matthews relative to his receiving information about appellant loading some whisky to take to Kelsey. It appears also that these two officers saw appellant doing something which they thought was "loading something which they thought was whisky," and watched him and followed him when appellant left his place of business, and found such whisky in appellant's truck. When the search was challenged, the testimony relied upon as showing probable cause should have been gone into only in the presence of the court. Nevertheless under these circumstances, with a waiver of the search warrant uncontradicted, and the actual sight of appellant while loading his truck, as the officers thought, we are not impressed with the seriousness of this alleged error as shown in this bill.

It developed in the trial of this cause that appellant had, in the Upshur County court, in the year 1936, been properly and legally tried and declared to be a person of unsound mind, and had been confined to the State hospital at Terrell for the insane. It was also shown by the record that in the year 1937, before J. P. Maberry, County Judge of Upshur County, there was a judgment of the same county court entered showing that appellant had recovered his sanity. However it is shown that the judge before whom this latter proceeding was had was the husband of the aunt of appellant's wife, and it was appellant's contention that he was thereby disqualified from sitting

in any case "where either of the parties may be connected with him, either by affinity or consanguinity within such a degree as may be prescribed by law." See State Constitution, Art. V, Sec. II, Art. 15, R. C. S. provides:

"No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree."

Art. 552 C. C. P. provides:

"No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree."

It being evident that Judge Maberry was related to appellant within the third degree by affinity, he was thereby disqualified from trying the case in which it was declared that appellant had been restored to sanity; and he being thus disqualified, this judgment was a nullity and void. Graham v. State, 43 Tex. Cr. R. 110, 63 S. W. 558; Woody v. State, 69 S. W. 155; Summerlin v. State, 69 Tex. Cr. 275, 153 S.W. 890.

We then find appellant under the provisions of the insanity judgment of June 1936 an adjudicated insane person, and are precluded from taking into consideration the allegations set forth in the void judgment of August 1937. Under these circumstances it became the duty of the State to establish appellant's sanity at the time of the commission of this alleged offense beyond a reasonable doubt. See Hunt v. State, 33 Tex. Cr. R. 252; Witty v. State, 69 Tex. Cr. R. 125, 153 S. W. 1146; Morse v. State, 68 Tex. Cr. R. 351, 152 S. W. 927.

It is true in a majority of cases, as set forth in the trial court's charge, that "Every man is presumed to be sane until the contrary appears to the jury trying him." But such legal presumption does not obtain when it is shown that a jury had theretofore adjudged such person to be one of unsound mind as provided by law. In such an event the accused is presumed to be insane until his sanity is established by the State, and this beyond a reasonable doubt, along with the other necessary things to be proven by the State.

The trial court further charged the jury that:

"The defendant is not required to establish his plea of insanity beyond a reasonable doubt, the burden is on him to establish it to the satisfaction of the jury by a preponderance of the evidence."

By virtue of the nullity of the judgment entered by the disqualified judge in 1937,—see 25 Tex. Jur., p. 774, Sec. 291,—appellant appeared before the trial court as an insane person, and it was the duty of the State to show his sanity beyond a reasonable doubt, and the duty of the trial court to so instruct the jury. This matter was timely called to the trial court's attention in appellant's objections to the court's charge, as well as in a special requested charge presented by appellant's attorneys before said charge was read to the jury, which requested charge properly placed the burden of proof upon the State relative to showing the sanity of appellant on the date of the commission of the alleged offense.

For the error in failing to give such charge or one of like import, this judgment is reversed and the cause remanded.