

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*overruled by*
*O-7424*

*..... no state overruled*
*by Johnson v. State*
*332 S.W. 2d 321*
*24 June 1960*

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-5472
Re: Is it a violation of Articles 432-438 of the Penal Code for a school board to employ a teacher whose husband is a first cousin to the wife of one of the trustees?

    This will acknowledge receipt of your letter of July 22, 1943, requesting the opinion of this department on the above stated question.

    Article 432, Penal Code, provides as follows:

    "No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 433 of the Penal Code enumerates those to whom the inhibitions of the nepotism law apply and included therein are school trustees and members of school boards. Therefore, a school board cannot employ a teacher who is related to any of the trustees within the prohibited degrees of relationship so specified in Article 432, quoted above.

According to the facts under cogitation, the teacher to be employed and the trustee married first cousins. Without any hesitation we can say the teacher is related to the wife of the trustee within the second degree by affinity, and the query is whether or not she is related to the trustee within the same degree.

You are correct that our Opinion No. O-2225 is directly in point on the subject under consideration, for there, as in this request, the most serious question presented is whether a person is related by affinity to the husband or wife of the blood relatives of his spouse. In that opinion, after an exhaustive research, we advised that under the Texas law the affines of one spouse are the affines of the other; or in other words, a person is related within the same degree by affinity as is his spouse to the husband or wife of the blood relatives of his spouse. The recent case of Irons v. State, 142 Tex. Cr. R. 227, 152 S. W. (2d) 359, concurs with and is further substantiation of the conclusion expressed in said Opinion No. O-2225, and we likewise adhere thereto.

It is the opinion of this department that under the facts contained in your submitted question the trustee and the teacher to be employed are related within the second degree by affinity, and Articles 432 and 433, supra, prohibit such employment. Your question, therefore, is answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Fred C. Chandler
Assistant

By _____
Robert O. Koch

ROK:db