# MARCH 6, 1946

## JIM BLACKBURN V. THE STATE.

No. 23301. Delivered March 6, 1946.

The opinion states the case.

*E. F. Fruechte,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged with the offense of an aggravated assault under Section 4 of Article 1147, P. C. He was convicted of such offense and his punishment was assessed at a fine of $250.00 and by confinement in the county jail for a period of one year.

The record shows that the defendant in due time filed a motion wherein he charged that the Honorable Robert Jones, the duly elected and qualified County Judge of Baylor County, was disqualified from presiding over the trial of the case. The court, upon the hearing of the motion, sustained it. Thereupon, the State, by and through the County Attorney, agreed with the defendant upon the Honorable Isaac O. Newton as special judge, but the record fails to show that he took the oath prescribed by law. Article 554, C. C. P., provides that when the judge of the county court or county court at law is disqualified in any criminal case pending in the court of which he is judge, the parties may, by consent, agree upon a special judge to try the case. Article 555, C. C. P., provides as follows:

"The attorney agreed upon or appointed shall, before he enters upon his duties as special judge, take the oath of office required by the Constitution."

It will be noted from the next preceding article of the statute that the person agreed upon to try the case must take the oath prescribed by the Constitution, and unless he does so, he cannot legally perform the functions of a special judge. Consequently each and every act on the part of such special judge,

without having complied with the foregoing statute, is a nullity. Therefore, the judgment in this case must be reversed and the cause remanded. See Summerlin v. State, 69 Tex. Cr. R. 275; Mims v. State, 112 Tex. Cr. R. 176; Enloe v. State, 150 S. W. (2d) 1039; Woodland v. State, 184 S. W. (2d) 623, and authorities therein cited.

In addition to the error herein pointed out for a reversal of the judgment, we do not deem it improper, in view of another trial, to state that we entertain serious doubt as to the sufficiency of the evidence to sustain the allegations in the complaint and information relative to the decrepit condition of the assaulted party.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.