

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 4, 1971

Hon. Preston Smith
Governor of Texas
State Capitol Building
Austin, Texas

Dear Governor Smith:

Opinion No. M-988

Re: Questions relating to the disqualification of a county judge to preside in a lawsuit, pursuant to Article 1931, Vernon's Civil Statutes.

Your recent letter (with exhibits annexed thereto) to this office requesting our opinion concerning the referenced matter states, in part, as follows:

"The Governor has received a formal certificate of disqualification from a county judge (see Exhibit A) stating that he is disqualified to serve in a case because he has been counsel for the prospective defendant involved in the case. The attorney for the plaintiff has urged the Governor to appoint a special judge in the case, stating that the parties have failed to agree on a special judge and that therefore, the requirements of Article 1931 have been met. (See Exhibit B).

"The county judge has stated that he regards his original certificate as insufficient in that it must certify not only that he is disqualified but also that the parties have failed to agree. (See Exhibit C). The judge further states that Article 1931 requires that he wait until after September 30, 1971, which was the end of the term of court, in order to certify that the parties have failed to agree. As of October 6, 1971, we have not received a formal certification from the judge certifying that the parties

-4817-

have failed to agree.  The counsel for the plaintiff
continues to urge the Governor to appoint a special
judge.

"Therefore, we respectfully request your
opinion as to the following:

"1.  Does Article 1931 require that
a county judge wait until the end of the
term of court before certifying that the
parties failed to agree on a special judge?

"2.  May the Governor, under Article
1931, appoint a special judge after he has
received a formal certificate of disquali-
fication from a county judge and after his
investigation reveals that the parties have
failed to agree upon a special judge?

"3.  May the Governor, under Article
1931, appoint a special judge upon receiving
a formal certificate of disqualification
from the county judge and an affidavit from
one of the counsel in the case stating that
the parties cannot agree and have no reason-
able expectation of agreeing on a special
judge?"

Article 1931, Vernon's Civil Statutes, provides as
follows:

"Whenever a judge of the county court is
disqualified to try a civil case pending in the
county court, and the parties shall fail at the
first term of the court to agree upon a special
judge, the judge shall certify his disqualification
to the Governor and the failure to agree upon an-
other to try the same, whereupon the Governor
shall appoint some person, learned in the law to
try such case."

Several other constitutional and statutory provisions also pertain to the disqualification of county judges. These statutes are apposite to your inquiries, inasmuch as

"It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature." 53 Tex.Jur.2d 280, Statutes, Sec. 186.

The last sentence of Section 16 of Article V of the Constitution of Texas, which establishes the county courts of Texas, provides as follows:

"When the judge of the County Court is disqualified in any case pending in the County Court the parties interested may, by consent, appoint a proper person to try said case, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law." (emphasis added.)

The Interpretive Commentary to the foregoing provision states that:

" . . . (I)t has been held that the parties must make a bona fide effort to agree on a special judge . . . , but if during the first term the case is reached for trial without an agreement, or if at the end of the first term the parties have failed to agree, the judge must then certify his disqualification to the governor, who appoints a person learned in the law as a special judge. See Vernon's Ann.Civ.St. arts. 1931, 1933." (emphasis added.)

The counterpart of Article 1931 in criminal law is Article 30.03, Texas Code of Criminal Procedure, which provides that:

"When the judge of the county court or county court at law, or of any county criminal court, is disqualified in any criminal case pending in the court of which he is judge, the parties may by consent agree upon a special judge to try such case. If they fail to agree upon a special judge to try such case, on or before the third day of the term at which such case may be called for trial, the practicing attorneys of the court present may elect from among their number a special judge who shall try the case. The election of the special judge shall be conducted in accordance with the provisions of Article 1887, et seq., V.A.C.S." (emphasis added.)

The Interpretive Commentary to the foregoing provision, written by the Honorable John F. Onion, Jr., Presiding Judge of the Court of Criminal Appeals, states, in part, as follows:

"Under the old article if the judge of the county court . . . was disqualified, the parties by consent could agree upon a special judge to try such case. If they fail to agree upon a special judge to try such case, the judge presiding was then required to certify the fact to the Governor who would then appoint some practicing attorney to try the case as a special judge. In the revision of this article the assignment by the Governor is eliminated. . . ." (emphasis added.)

Article 3266, Vernon's Civil Statutes, deals with the disqualification of a county judge when he is sitting in condemnation matters. That Article provides, in pertinent part, that:

-4820-

"1. When the county judge is disqual-
ified to act in the case, and the parties fail to
agree upon a special judge, he shall certify such
disqualification upon the petition or statement
filed with him, and file it with the county clerk,
who shall make a certified copy thereof and of the
endorsement thereon and forward the same to the
Governor, who shall appoint some person learned
in the law to act as special judge, and such
special judge when appointed and qualified, shall
proceed with the case to its final conclusion, or
the parties may agree upon a special judge."
(emphasis added.)

In regard to your first question, we are of the opin-
ion that Article 1931 does not require that a county judge wait
until the end of the first term of court before certifying that
the parties failed to agree on a special judge.

The language of Article 1931, relating to when the
judge must file his certificate of disqualification states only
that, if the parties shall fail "at the first term of the court"
to agree on a special judge, the judge shall certify his dis-
qualification to the Governor. Further, the Interpretive Com-
mentary to Section 16 of Article V of the Constitution, whence
Article 1931 is derived, states that the judge shall certify
his disqualification to the Governor at the end of the first
term, or during the first term if the case is reached for trial.

Also, Article 30.03, Texas Code of Criminal Procedure,
quoted supra, requires the election of a special judge if the
parties cannot agree on a special judge "on or before the third
day of the term at which such case may be called for trial".

We believe that Article 1931, when construed in pari
materia with the other foregoing authorities, and in consonance
with their intent and purpose, requires a county judge to certify
his disqualification to the Governor at the time when the parties
have definitely failed to agree on a special judge. If the par-
ties have failed to reach agreement on the special judge early

in the course of the term, we find no authority in Article 1931, or elsewhere, for the judge delaying the certificate of his disqualification to the end of said term.

Your first question is, therefore, answered in the negative.

Your second and third questions involve basically the same issue, which is:  May the Governor appoint a special judge upon his receipt of the judge's certificate of disqualification, where such certificate certifies only the judge's disqualification, but does not certify the fact of the parties' failure to agree upon a special judge?

The certificate of disqualification annexed to your letter as Exhibit "A" merely states that the judge is disqualified, and does not also recite that the parties have failed to agree on a special judge.  The case of Clements v. Fort Worth & D. S. P. Ry. Co., 7 S.W.2d 895 (Tex.Civ.App. 1928, no writ), was an eminent domain action in which the county judge certified his disqualification to the Governor and also certified that the parties failed to agree upon a special judge; the court found that, in fact, there was a failure by the parties to attempt to agree to a special judge in the first place.  The court quoted Article 1931, among others, and went on to say that

> " . . . (B)efore a special judge can be appointed or selected, the conditions pointed out by the Constitution and the statute must exist before such selection or appointment of the special judge is valid."  7 S.W.2d at 898.

Article 1931 quite clearly requires that the county judge "shall certify his disqualification to the Governor and the failure to agree upon another to try the same" (emphasis added), unlike the provisions of its sister statutes quoted supra.  We read that clause of Article 1931 as being conjunctive in ite meaning, and therefore hold that a county judge must certify not only his disqualification to the Governor, but also must certify the failure of the parties to agree on a special judge, before the Governor may exercise the power of appointment provided by Article 1931.

        We believe that those portions of your second and third
questions relating to the establishment of the fact of the parties'
failure to agree on a special judge, by independent investigation
by the Governor, or by affidavit from counsel for one of the par-
ties, are answered by the case of <u>Summerlin v. State</u>, 153 S.W.
890 (Tex.Crim. 1913), which held that

        " . . . (W)here the mode of selection of
        special or substitute judges is prescribed by law,
        and the causes for such selection are indicated,
        <u>other modes</u> and other causes <u>are thereby excluded</u>.
        This is especially true if these are set forth in
        the Constitution.

        "<u>It is also laid down, as a correct rule,
        that parties cannot, independently of constitution-
        al or statutory provision, confer judicial authority;</u>
        and, where this is attempted, a judgment by the
        appointee is a nullity. . . ."  153 S.W. at 892.
        (emphasis added.)

        Because neither the Constitution nor the statutes pro-
vide for either an independent investigation on the part of the
Governor concerning the failure of the parties to agree, or for
the establishment of such fact by affidavit of counsel, your
second and third questions must be answered in the negative.

<u>S U M M A R Y</u>

        Pursuant to Article 1931, Vernon's Civil
Statutes,

        (1)  a county judge is required to file his
certificate of disqualification with the Governor
during, or at the end of, the first term of court,
and such certificate should be filed when it is
definitely established that the parties cannot
agree upon a special judge, there being no require-
ment in the Article that the judge wait until the
end of the term to file such certificate;

(2) in order for a certificate of disqualification to be fully valid and to enable the Governor to appoint a special judge, the certificate must recite not only that the judge is disqualified, but also that the parties have failed to agree upon a special judge;

(3) there is no authorization in the Article for either an independent investigation on the part of the Governor, or for the establishment of the fact of the parties' failure to agree on a special judge by means of an affidavit of counsel, and such failure of the parties to agree on a special judge must be established by the judge's certificate of disqualification; and

(4) a county judge has a mandatory duty to certify his disqualification, and to certify that the parties cannot agree on a special judge, as soon as such is the case.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James A. Maxwell
Lonny Zwiener
Jack Sparks
Dyer Moore

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant