## S. SHULTZ & BRO. v. W. S. LEMPERT ET AL.

### (Case No. 4347.)

1. AWARD OF ARBITRATORS.— The award of arbitrators rendered upon an agreement under the statute to arbitrate matters in controversy, and in which no right of appeal is reserved, if made in substantial compliance with the statute, will, on motion, be made the judgment of the court, unless impeached on equitable grounds for fraud or gross mistake. Such award, unless so impeached, is, as to questions of fact, absolutely conclusive.

2. AWARD OF ARBITRATORS— PRACTICE.— When an award of arbitrators, rendered under an agreement to arbitrate, reserving the right to appeal, is made the judgment of the district court on motion, without objection, and no application for appeal made, it would seem that the judgment of the district court should be affirmed on appeal to the supreme court, in the absence of facts shown upon the face of the award or proceeding some irregularity or deviation from the statute, or some excess of authority exercised by the arbitrators.

3. ARBITRATION.— When a right to appeal is reserved in an agreement to arbitrate under the statute (R. S., arts. 51, 52), the arbitration becomes practically nothing more than an experimental attempt to satisfy both parties, if there is timely application for appeal and citation properly served. In such case the cause stands for trial *de novo* as if no agreement to arbitrate had been made.

4. AS TO IMPROVEMENTS MADE IN GOOD FAITH.— Though the fact that a purchaser had full knowledge of the state of the title at the time of his purchase, and when he made his improvements, is not conclusive as to his good faith in purchasing and improving, a finding against him on the question of good faith will not be disturbed under such circumstances.

5. PARTIES — ARBITRATION.— Parties interested in the subject matter in litigation, but who were not made parties in the suit, joined with the parties to the suit in a written agreement under the statute to arbitrate, and the district court affirming, on motion, the award rendered, adjudicated their respective interests. *Held*, that having become, without objection, parties to the agreement to arbitrate, they were afterwards properly regarded as parties to the suit.

   AWARD.— It is no valid objection to an award that it is bad in a point not affecting the parties, if the good portion be separable from the other, and be complete in itself.

7, SPECIAL JUDGE — PRACTICE.— The record should in all cases show how a special judge trying a cause became such; but if the record is silent, a party who, without objection, has participated in the trial of his cause before such judge, cannot, for the first time on appeal, raise the objection that his authority did not appear.

APPEAL from Presidio. Tried below before S. P. Carpenter, special judge.

The statement of the cause made by appellant being approved by counsel for appellee, and found substantially correct, is in the main adopted.

Suit brought by appellants to quiet their title and possession to and of two and one-half acres of a tract of one hundred and sixty acres granted to Francis Duke; and, if they could not obtain such relief, they then asked for judgment for the value of the permanent improvements made by them thereon in good faith. The suit was brought against Wm. S. Lempert and Mrs. Paula Robinson, who, it was alleged, set up title thereto.

The defendants answered the petition, setting up a claim in behalf of Mrs. Robinson and the children of Calvin Robinson to the one hundred and sixty acres granted to Duke. They alleged that the plaintiffs bought with notice of that claim; they asked that Duke be made a party, that they have judgment for the possession of the one hundred and sixty acres, and that Duke's patent be cancelled, or that they be subrogated to his rights.

To this plea in reconvention the plaintiffs pleaded not guilty.

Duke was not made a party to the suit, nor were the heirs of Calvin Robinson made parties.

On the 10th of April, 1880, the parties, by agreement, withdrew the cause from the district court and submitted it to arbitration, providing for an appeal and notice of appeal. To this agreement the heirs of Calvin Robinson were parties.

The cause being heard before the arbitrators, and they being unable to agree, an umpire was chosen, whereupon they returned their award:

1. That Duke had no just title to the land.

2. That the plaintiffs did not purchase in good faith.

3. But there should be no claim for rents against them.

On motion of the defendants the award was made the judgment of the court, the judgment being that plaintiffs take nothing by their suit, and rendered in favor of W. S. Lempert, Paula Robinson, G. Robinson, Eliza Robinson, Robert Robinson and Flora Robinson (the administrator, wife and children of Calvin Robinson), a judgment cancelling the patent to Duke, and that those persons as defendants recover the title and possession of the two and one-half acres claimed by plaintiffs (giving the boundary), and all improvements, and be quieted in the title and possession of the same, and that they have their writ of possession.

It would seem that appellants bought with full knowledge of the state of the title. It is to be regretted that the testimony affecting this point is too voluminous for insertion.


*Walton, Green & Hill,* for appellants.

I. Francis Duke, not having been made a party to the suit, the title to the one hundred and sixty acres of land claimed by him was not in issue, and the finding of the arbitrators and the judgment of the court thereon were unauthorized. Denison *v.* League, 16 Tex., 409; Bailey *v.* Morgan, 13 Tex., 343.

II. The court erred because the award is an entirety and is not authorized by the pleadings, nor is it supported by the evidence, in that it is not responsive to the issues made by the pleadings, and in that the evidence establishes a perfect right in the plaintiffs' vendor in and to pre-emption survey No. 64, and in plaintiffs a perfect right to, and purchase in good faith of, the land and

premises in controversy, and at the same time demonstrates that the defendants, nor any of them, have rights in the case. As to acquisition of pre-emption, see acts 1870, pp. 68, 69, secs. 1, 2, 4; 2 Pasch. Dig., arts. 7045, 7046, 7048, 7052; acts 1873, pp. 101, 202, secs. 1–4; Spier v. Laman, 27 Tex., 215; Cravens v. Brooke, 17 Tex., 268; Jennings v. DeCordova, 20 Tex., 508; Kohlhass v. Linney, 26 Tex., 334. As to diligence in prosecuting rights, see Teel v. Huffman, 21 Tex., 782; Williams v. Craig, 10 Tex., 437; Crow v. Reed, 25 Tex. Sup., 392; Patrick v. Nance, 26 Tex., 301. As to absence, see Taylor v. Boulware, 17 Tex., 77; Bledsoe v. Cains, 10 Tex., 458–9; Green v. Crow, 17 Tex., 183–4. As to absence after perfecting right, see O'Neal v. Manning, 48 Tex., 406–7; Kessler v. Draub, 52 Tex., 575. As to good faith, see Sartain v. Hamilton, 12 Tex., 222; Dorn v. Dunham, 24 Tex., 380; Hill v. Spear, 48 Tex., 585; Hutchins v. Bacon, 46 Tex., 412, 413; Miller v. Brownson, 50 Tex., 596–7; Hatchett v. Conner, 30 Tex., 112–13. As to payment of consideration a circumstance of, see Harrison v. Boring, 44 Tex., 262. As to notice, see Wade on Notice, 19, 48; Watkins v. Edwards, 23 Tex., 447; Wethered v. Boone, 17 Tex., 150; Hawley v. Bullock, 29 Tex., 222–3. As to special plea by defendants, see Shields v. Hunt, 45 Tex., 426; Custard v. Musgrove, 47 Tex., 218. As to effect of patent, see Kimbro v. Hamilton, 28 Tex., 567–8; O'Neal v. Manning, 48 Tex., 406–7; Miller v. Brownson, 50 Tex., 591–2; Johnson v. Eldridge, 49 Tex., 507, 521.

III. The court erred because the judgment upon said award is not authorized by the pleadings, for that there are but two defendants in the case, to wit, Lempert and Paula Robinson, whilst the judgment is not only for those two, but for Robert Robinson, Eliza Robinson, Flora Robinson and Guilermo Robinson, who are not parties to the suit. Armstrong v. Armstrong, 10 N. J. L., 357; Douglass v. Massie, 16 Ohio, 271.

IV. The case was tried by one S. P. Carpenter, assum-

ing to be special judge, whereas there is not shown any disqualification of the district judge or agreement giving authority to said Carpenter as special judge, or that said Carpenter as special judge was duly qualified. Brinkley *v.* Harkins, 48 Tex., 225.

*Hancock & West,* for appellees.

Gould, Associate Justice.— We have been embarrassed in this case because the record is confused, leaving it somewhat uncertain what attitude the case occupies. After suit brought, and answer and cross-bill filed, there was an agreement under the statute to arbitrate, reserving, however, a right of appeal. An examination of the statute makes it plain that by this right of appeal is meant a right, on making written and timely application therefor, and having the opposite party served with citation, to have the cause "stand for trial *de novo,* as in ordinary cases." R. S., arts. 51, 52.

Trial *de novo* does not mean a trial on appeal and on nothing but the record to correct errors, but does mean a trial of the entire case anew, hearing evidence, whether additional or not. Moore *v.* Hardison, 10 Tex., 471. Strangely, yet clearly, the statute allows the parties, by reserving the right of appeal, the power of nullifying the award, if dissatisfied therewith, and of having the case tried anew without regard to the agreement to arbitrate or the award made. With this right of appeal reserved, the arbitration becomes nothing more than an experimental attempt to satisfy both parties; and when the failure of that attempt is shown by the application and citation before spoken of, the case stands for trial as if there had been no agreement to arbitrate. If no right of appeal is reserved, and the agreement, proceedings and award are in substantial compliance with the statute, then the award will, on motion, be made the judgment of the

court, unless indeed it be impeached on equitable grounds, such as fraud or gross mistake. Fischer *v.* R. R. Co., 16 Tex., 531-2; Payne *v.* Metz, 14 Tex., 56. On questions of fact the award, unless so impeached, is conclusive. Moore on Arbitration, pp. 315, 316. The utility of arbitration depends much on its conclusiveness. Omitting the right of appeal, the statute affords a mode of settling disputes promptly and conclusively, and yet leaves the award open to be objected to when it is in excess of the authority granted the arbitrators, or to be impeached on grounds of fraud, corruption or gross mistake.

Examining this record we see that there was an award, and that, on motion, that award was made the judgment of the court. It does not appear that there was any application for appeal made, but, so far as the record shows, the award was made the judgment of the court without objection. A motion for new trial appears to have been made, but it does not appear that there ever was properly any trial *de novo* in the district court. The motion for new trial was overruled and there was an appeal to this court. It certainly would require great liberality of construction to treat this record as showing a trial *de novo* had in the district court, and the case as before us on appeal from the judgment rendered on such trial.

If not thus before us, the case is simply here as on appeal from the action of the district court in making the award the judgment of the court, and unless, upon the face of the award or proceedings, some irregularity or deviation from the statute, or some excess of the authority given the arbitrators, appears, the court below did not err, and its judgment should be affirmed.

But even if the case be regarded as here on appeal from a judgment on a trial *de novo*, we are of opinion that the judgment should be affirmed.

What purports to be a statement of facts is of questionable validity as such. As, however, it has not been

objected to by either party, the case will be disposed of treating it as a valid statement of facts.

The main question in this case, not settled in the preceding case of Duke v. Lempert et al., is as to the right of appellants to pay for improvements. The arbitrators and the court found that the improvements were not made in good faith. Although it may be that we would have been better satisfied with a different finding, we cannot say that the finding is clearly wrong. The parties bought with knowledge of the claim of defendants. True, that knowledge was not conclusive against their good faith in purchasing and improving. But it is sufficient, under all the evidence, to support a finding against them on that issue.

In regard to the question of parties, the record shows that the parties in whose favor the award and judgment are rendered were all parties to the agreement to arbitrate. We think that thereafter they were all properly regarded as parties to the suit.

The award was objected to because Duke was not a party to the suit, and yet the award is that Duke had no just title to the land. The obvious and unavoidable implication from the award is, that the arbitrators find that the plaintiffs, whose only title came from Duke, have no title, and that the defendants had the better claim. Moore on Arbitration, p. 253. It is no valid objection to the award that it is bad in a point not affecting the parties, if the good portion be separable from the other, and be complete in itself. Id., p. 453. Duke is not here complaining; and in our opinion the award is, as to the question of title, a sufficient finding against appellants.

Appellants say there is fundamental error because the case appears to have been tried by a special judge, and the record nowhere shows the disqualification of the district judge, or the agreement authorizing the special judge to sit. This objection presupposes that the special judge

was selected by agreement, or appointed by the governor for the trial of this particular case. He may have been elected by the practicing lawyers present, because of the absence or inability of the judge of that district. In the latter case the statute contains no requirement that the facts showing the election and qualification shall be a part of the record of each case tried by that judge, although they are required to be entered on the minutes of the court. R. S., arts. 1092–1098, inclusive. Properly, the record should in all cases show how the special judge had authority to act; but we are not of opinion that a party who has, without objection, participated in a trial before one purporting to be special judge, but not purporting to be so by agreement of parties, or by appointment for the special case, can afterwards be heard to object, on appeal, that the authority of the special judge does not appear.

Another error claimed to be fundamental is, that there was no pleading of defendants setting up the boundaries of their claim, and authorizing judgment for the two and one-half acres in controversy. The claim of defendants as set up in their pleadings, and as finally surveyed, covered the one hundred and sixty acres patented to Duke, and included the two and one-half acres claimed by plaintiffs under a purchase from Duke. The boundaries of the two and one-half acres were given by plaintiffs in their petition, and it was unnecessary for defendants to repeat them. The judgment is affirmed.

AFFIRMED.

[Opinion delivered May 20, 1881.]