J. H. HESS v. DEAN & KESTERSON.

(Case No. 2059.)

1. SPECIAL JUDGE—JURISDICTION—PRESUMPTION.—When the transcript of a case on appeal shows by the recitals of the judgment, that the district judge was disqualified, and that a special judge whose name is mentioned as special judge in the caption of the transcript, was appointed by the governor to try the cause, the appointment of such special judge will be presumed to have been regular. After the parties have, without objection, submitted to the jurisdiction, and when the assumption of the authority by the special judge to try the cause has not been assigned as error, the supreme court will take jurisdiction.

2. CASES REVIEWED AND APPROVED.—(Schultze v. Lempert, 55 Tex., 273, and Brinkley v. Harkins, 48 Tex., 225, reviewed and approved.)

3. ASSIGNMENT OF ERROR.—An assignment of error based on a bill of exceptions taken to the admission of testimony, when the bill was taken and filed after the adjournment of court, cannot be considered.

4. TRUSTS—AGENCY—RATIFICATION.—When a deed of trust authorizes a trustee, his legal representative or agent, to sell the land conveyed by the trust deed, the agent appointed by the trustee, becomes trustee in fact, and the method of his appointment becomes immaterial when it is not prescribed by the deed itself. When the *cestui que trust* was the original trustee named in the deed, and was not only the beneficiary for whom it was made, but became the purchaser at a trust sale made by one assuming to act as his agent, the agency was thereby ratified and the method of the agent's appointment was immaterial.

5. SAME—ESTOPPEL—CASE FOLLOWED.—One who is present at a sale made by one assuming to act as agent under such circumstances, who has full knowledge of

the authority under which the agent acts, and makes no objection to the sale, will not afterwards be heard to question the authority of the agent, when in addition to this, it is shown that he not only acquiesced in the sale, but concealed his claim from others who were purchasers for value, and who had enquired of him before purchase concerning the title, without obtaining information or hearing objection thereto. (Giddings *v*. Byers, 12 Tex., 75.)

6. TRUST SALE—ACQUIESCENCE.—When a trust deed authorizes the trustee to enter upon and take possession of the land and to sell the same when the contingency occurs that will authorize sale, but the deed is silent as to the place of sale, the trustee may sell at the place most beneficial to the grantor. The court house door of the county would, in such cases, be a proper place for sale.

7. BILL OF EXCEPTIONS—ASSIGNMENTS OF ERROR.—Assignments of error based on the failure of a judge to file his conclusions of law and of fact cannot be considered in the absence of a bill of exceptions, taken to such failure.

APPEAL from Camp. Tried below before the Hon. Geo. T. Vaughn, Special Judge.

Suit for the possession and trespass to try title to a store house and lot, in the town of Pittsburg, Camp county, Texas, by appellees against appellant and one J. H. Biles. A writ of sequestration was applied for, issued and levied upon the property. The defendants failing to replevy, appellees executed their replevy bond, approved and filed November 4, 1883, and took possession of the property. May 6, 1884, defendants in the court below filed their second amended original answer, pleading general demurrer, not guilty, general denial, and the special plea that appellees claimed title to the property in controversy under a deed made by W. A. Ponder to Thos. H. Allen & Co., which deed was made by said W. A. Ponder without any authority in law, being made after sale by him, as agent for Thos. H. Allen & Co., of the property in a certain mortgage, of date May 6, 1881, and under the power of sale given in said mortgage; defendants also pleaded payment of the note, which said mortgage secured, before the sale by said Ponder under said mortgage.

May 5, 1884, appellees filed their first supplemental petition, and excepted to so much of appellants' answer as set up the failure and neglect of Thos. H. Allen & Co. to collect the collateral notes and accounts in their hands, because not described and itemized, and because the same set up no defense to appellees' action, alleging also that J. H. Biles had no interest in the property except as tenant of J. H. Hess, pleading also an estoppel against J. H. Hess, and that appellees were innocent and *bona fide* purchasers. Judgment for appellees for the title and possession of the property.

Second assignment of error. That the court erred in admitting in evidence the deed from W. A. Ponder to Thos. H. Allen & Co., dated

June 11, 1883, and that said deed purported to be, by virtue of a power contained in a deed of trust executed by A. T. Diamond & Co. to Thos. H. Allen & Co. on December 30, 1881, and that W. A. Ponder had no written authority to sell except the power in the mortgage which, it was alleged, was insufficient. That the mortgage recited that in "default of payment of the note which the mortgage secured, Thos. H. Allen & Co., the mortgagees, their agent, attorney or legal representative should enter into and upon said premises granted, and after giving legal notice, sell the same, etc.;" that parol evidence was not admissible to prove W. A. Ponder's power to sell, and that if Ponder could have sold, he should have sold on the premises and not at the court house door. The deed of trust under which the sale was made, and which was a link in appellees' chain of title, bore date May 6, 1881.

May 6, 1881, A. T. Diamond & Co. executed a mortgage to Thos. H. Allen & Co., on a store house and lot in Pittsburg, Texas, to secure a note for $1,000, of date April 14, 1881, and due December 1, 1881, and in default of the payment, authorized said Allen & Co., their agent, attorney or legal representative to enter upon said premises, sell and dispose of same, after giving notice as in sheriff's sale, etc., to make deed to the purchaser or purchasers, which sale so made should forever be a perpetual bar, both in law and equity, against the said A. T. Diamond & Co.

On June 5, 1883, it being the first Tuesday in June, W. A. Ponder, acting as the agent of Allen & Co., and by virtue of the authority given in the mortgage, and after advertising the property, as required in sheriff's sales, before the court house door, in Pittsburg, Camp county, Texas, sold it to Allen & Co. for $600, they being the highest, best bidders, for cash, and on June 11, 1883, made deed to Allen & Co. While J. H. Hess contradicted some evidence on the trial, the testimony showed that he acquiesced in the sale by Ponder.

*J. E. Hodges*, for appellant.

*M. L. Morris*, for appellee.

WILLIE, CHIEF JUSTICE. —The caption of the transcript shows that this case was tried before the Hon. Geo. T. Vaughn, as special judge. The judgment also recites that the district judge was disqualified, and that the special judge was appointed by the governor to try the cause. We think that where the record shows these facts, and the parties have submitted to the jurisdiction of the special judge, and have assigned

no error here that questions it, we may presume that the appointment was regular, and take jurisdiction of the cause.

In Schultz v. Lempert, 55 Tex., 273, where the record was silent as to the source from which the special judge derived his authority, this court presumed that he had been elected by the bar under the act of 1879, and held that, as the parties had submitted to his jurisdiction, neither of them could question it upon appeal. We think the same rule applicable where the appointment comes from the governor. It is true that in the former case the judge presides in several cases, and the minutes as to his authority, belong to one case no more than to another; still his right to sit in each case, depends upon his election as much as it does upon his appointment when it is made by the governor, for one case only. In either event, the entry of the judge's authority has to be made upon the minutes. We cannot see why these minutes should not be brought before us as much in the one case as in the other. They record the charter of the special judge's authority to sit in any suit which he may try, which, if it is necessary for us to know in any case, it is necessary for us to know in every case where the special judge claims to exercise the functions of a district judge. We know the district judges of the state; we do not know their elected substitutes any more than we do those appointed by the governor.

It was held in Brinkley v. Harkins, 48 Tex., 225, that where no question was raised below upon the authority of the special judge to hear and determine the case, this court would not dismiss an appeal taken from a judgment rendered by him; which we think the correct rule, especially when there is no assignment of error questioning his authority. The bill of exceptions taken to the admission of the deed from Christian to Diamond & Smart, was taken and filed after the adjournment of court, and, therefore, the assignment of error based upon it cannot be considered.

The important point in the case arises upon the sufficiency of the deed from Ponder to Allen & Co., to convey the land in controversy. The deed of trust under which Ponder purported to act in making this conveyance, named Allen & Co., as trustees, but authorized their agent or legal representatives to execute the trust. The deed having provided for the execution of the trust by an agent, there is no question of law in the case upon the power of an agent to perform the functions of the named trustees. It was a matter of contract that Allen & Co.'s agent might act as trustee, and when appointed by them for this purpose, he became trustee in fact, clothed with all the powers granted in the deed. The manner of his appointment is not pre-

scribed in the deed. The fair inference is that any mode of appointment, satisfactory to the parties to the instrument, and sanctioned by them, would be sufficient. Allen & Co. lived in a distant state. Ponder was the agent through whom they transacted all their business with the firm of which Hess was a member. He had charge of their claims against that firm, negotiated for their settlement, and especially for the deed of trust, and it was delivered to him when signed by the grantors. It is fair to conclude that he was the agent had in view by the parties as the one by whom the trust should be executed. Claiming to be the duly authorized agent of Allen & Co., and consequently a substituted trustee, he advertised and sold the land in accordance with the provisions of the deed, and conveyed it to Allen & Co., who bought at the trust sale. Were these acts approved by the grantors and beneficiaries in the deed? Allen & Co., the beneficiaries, certainly approved them in the strongest possible manner, by accepting, as purchasers from Ponder, a deed for the land, made in pursuance of the trust sale; by receiving the benefit of the purchase money; by appropriating it as provided in the deed of trust, and by subsequently conveying to others the title thus acquired. These acts fully ratified the exercise of the powers assumed by Ponder, as agent of Allen & Co., and this they do not controvert.

Hess was present at the trust sale, and, with full knowledge of the authority under which Ponder purported to act, viz, as agent of Allen & Co., made no objection to the sale, thereby encouraging bids for the property. Not only so, but after Ponder had made the deed to Allen & Co., and when the appellants were on a trade with Allen & Co., through Ponder, for the purchase of a portion of the property, one of them asked Hess if the title was good, and Hess did not deny that it was, but merely claimed that Allen & Co. owed him some money for building a house upon the premises. Moreover, when Allen & Co. wrote to Hess, furnishing him with a statement of his account, and informing him that the purchase money of the land had been applied as provided in the deed of trust, he acquiesced in the sale, and set up no other claim, except for payment of what he had expended in building a house upon the land. All these circumstances show an acquiescence on the part of Hess in the sale and conveyance of the property by Ponder, and his full approval of the manner in which they were done.

Not only so, but they estop him from denying the validity of the sale, and the title acquired under it. His conduct induced the appellees to purchase from Allen & Co., when it is quite clear that if he had notified them that he should contest the title they were about to bar-

gain for, they would not have purchased. It is too late, after they have bought and paid a valuable consideration for the land, to set up against their title a fact which he knew at the time they enquired of him as to Allen & Co.'s right to the land, and which he concealed from them, leading them to believe that his only claim was for money due them from Allen & Co. Without assigning other reasons which might be given, we think these are sufficient to sustain the deed made by Ponder in execution of the trust. See Giddens v. Byers, 12 Tex., 75.

It is true that there is a conflict of testimony as to what occurred between Dean & Hess, but the court having found for Dean, we must conclude, in the absence of conclusions of law and of fact, that it gave credence to Dean's version of the transaction. There is nothing in the point taken that the sale should have occurred on the premises, and not at the court house door. This, if an irregularity, was also waived by the acquiescence of Hess. Bush· v. Sherman, 80 Ill., 160; Hoffman v. Harrington, 33 Mich., 392.

The deed of trust gave the trustee the right to enter upon and take possession of the land; but this did not compel him to sell it upon the premises. There was no place designated for the sale, and in such cases a discretion must be vested in the trustee to make it at the place most beneficial to the grantor. The court house door of the county would fulfill this requirement. The authority cited by counsel for appellant refers to a case where the positive requirement of the deed was that the property should be sold upon the premises. Cranston v. Crane, 97 Mass., 459.

As there was no bill of exceptions taken to the failure of the judge to file his conclusions of law and fact, we cannot consider the assignment of error relating to that matter. The attention of the judge may never have been called to the motion requesting him to file these conclusions. Supreme Commandary, etc. v. Rose, 62 Tex., 321.

J. H. Biles was a mere nominal party to this suit, and the dismissal as to him, after judgment rendered, was sufficient ground for overruling the motion in arrest of judgment. The other points made are either not presented in the assignment of errors, or are not of sufficient importance to demand consideration. We have considered the appellant's brief in the determination of this cause, regarding his excuse for not filing a copy with the district clerk as sufficient under the circumstances. And if it was not, it does not appear that any injury has thereby accrued to the appellees, as the brief was filed in this court at the same time with the transcript.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered November 9, 1886.]