### BAILEY et al v. TRIPLETT BROS.
### (No. 2567.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 9, 1925.)

1. Judges ⚖16(1)—Special judge not agreed on except where regular judge disqualified.

In view of Const. art. 5, § 16, and Vernon's Sayles' Ann. Civ. St. 1914, arts. 1678–1681, 1737, 1741, a special judge cannot be agreed on by counsel except where the regular judge is disqualified, and, where regular judge is absent, special judge must either be appointed by the Governor or elected by the bar.

2. Judgment ⚖9—Judgment rendered by special judge selected by agreement is nullity, where regular judge not disqualified.

In view of Const. art. 5, § 16, and Vernon's Sayles' Ann. Civ. St. 1914, arts. 1678–1681, 1737, 1741, a judgment rendered by special judge selected by agreement of the parties in case where regular judge was not disqualified is nullity.

3. Appeal and error ⚖719(3)—Appellate court takes judicial notice that judgment is nullity.

When record discloses that judgment was rendered by special judge selected by agreement of parties in case where regular judge was not disqualified, the appellate court will take judicial notice that judgment was a nullity without assignment or suggestion of fundamental error.

Appeal from Lubbock County Court; J. M. Marshall, Special Judge.

Action between W. L. Bailey and others and Triplett Bros. Judgment for the latter, and the former appeal. Reversed and remanded.

Robert H. Bean and Bean & Klett, all of Lubbock, for appellants.

A. B. Crane, of Raymonville, and R. A. Sowder, of Lubbock, for appellees.

HALL, C. J. This case was tried in the county court of Lubbock county, where it had been transferred from Parmer county.

[1] There is in the transcript this agreement:

"Friday, April 3, 1925. The judge of this court, Hon. Chas. Nordyke, being absent from the county, it is agreed by all parties that Hon. J. M. Marshall, an attorney of this bar, is agreed to as special judge to try the above-styled case."

This stipulation is signed by counsel for both parties. The record shows that Judge Marshall took the oath of office prescribed by the Constitution, and his name is signed as "Special Judge Presiding" to the judgment. It will be observed that the stipulation shows that Judge Marshall was agreed to, not because the regular judge, Chas. Nordyke, was disqualified, but because he was absent from the county. Under V. S. C. S. art. 1737, a case may be tried in the county court before a special judge agreed upon by the parties when the regular judge is disqualified. That article simply puts in effect article 5, § 16, of the Constitution. V. S. C. S. art. 1741, is the only provision in the statute relating to the matter of special judges when the regular judge is absent from the county, and it is there provided that a special judge may be elected or appointed as is provided for the election of a special district judge under V. S. C. S. arts. 1678 to 1681. Articles 1678 to 1681 provide that, when the district judge shall be absent, the practicing lawyers present in court may proceed to elect from their number a special judge, and the remaining articles prescribe the procedure and for the record of such election. Article 5, § 11, of the Constitution provides for the appointment of a special judge when the regularly elected judge is disqualified, and for the exchange of districts. In considering these constitutional provisions and the statutes enacted in pursuance thereof, it has been held that a special judge cannot be agreed upon, except where the regular judge is disqualified, and that in the event the regular judge is absent the special judge must either be appointed by the Governor, or elected by the bar.

[2, 3] It is further held that the judgment rendered by a special judge selected by agreement of the parties, in a case where the regular judge was not disqualified, is an absolute nullity; and when the record discloses such a condition, it is fundamental error and need not be assigned, but that the appellate court will take judicial notice of the record without suggestion of fundamental error.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Summerlin v. State, 69 Tex. Cr. R. 275, 153 S. W. 890; Dunn v. Home National Bank (Tex. Civ. App.) 181 S. W. 699; Pickett v. Michael (Tex. Civ. App.) 187 S. W. 426; T. & P. Coal Co. v. Ready (Tex. Civ. App.) 198 S. W. 1034.

The judgment is reversed, and the cause remanded.