**GROGAN v. ROBINSON.   (No. 10196.)**

Court of Civil Appeals of Texas.   Dallas.
June 9, 1928.

Rehearing Denied July 14, 1928.

1. **Appeal and error** ⊚⇛519—**Agreement of counsel selecting special judge, not entered on minutes, though not becoming "file paper," was entitled to same consideration as though filed with clerk.**

Where parties by counsel entered into written agreement spread on court's trial docket, stating reasons for selection of special judge,

selection of judge, and that oath of office was duly administered, agreement, not entered in minutes, though not becoming in usual formal way "file paper," delivered and received by clerk as document to be placed and kept with papers in cause, was of equal dignity as file paper, and entitled to same consideration as though made in usual form by filing with clerk as part of proceedings in cause.

2. **Appeal and error** ⊚⇛520(2)—**Written agreement for selection of special judge held not required to be carried into minutes of trial court to be considered on appeal.**

Agreement in writing, spread on court's trial docket, signed by attorneys for parties, .on authority of which attorney, agreed to as special judge, took oath of office, and proceeded to determine controversy, was not order by judge of court of record, not to be considered as part of record of judicial proceeding until entered in minutes of court, but merely dispensed with presence of regular judge, and was not required to be carried into .minutes of trial court in order to be considered on appeal; there being no necessity for preserving record of special judge's selection other than written agreement.

3. **Judges** ⊚⇛16(1)—**Statute held not to require agreement for selection of special judge to be reduced to writing before becoming effective, but presupposes oral agreement entered in minutes of court (Rev. St. 1925, art. 1886).**

Rev. St. 1925, art. 1886, does not contemplate that agreement of counsel selecting special judge to try case shall be reduced to writing and signed by parties before becoming effective, but presupposes oral agreement in open court perpetuated as part of record of proceedings by being entered into minutes of court.

4. **Judges** ⊚⇛56—**Disqualification of regular judge denies him authority to enter any material order in. case or preside at trial (Rev. St. 1925, art. 1886).**

Under Rev. St. 1925, art. 1886, disqualification of regular judge denies him authority to enter any material order in case or to preside in trial of cause in any other respect.

5. **Appeal and error** ⊚⇛185(3), 544(1)—**Disqualification of judge involves fundamental error, and may be raised for first time on appeal without being raised at trial or by bill of exception.**

Question of disqualification of judge is one of fundamental error, and .may be raised for first time on appeal without complaint against· special judge trying case being raised at trial or by bill of exception.

6. **Judges** ⊚⇛15(1)—**Requirement that duly elected judge preside over all procedings in his court can only be departed from under provisions of law permitting another to preside.**

Requirement that duly elected and commissioned judge shall preside over all proceedings to be had in court to which he is accredited cannot be voluntarily waived by litigants, or, by mere predilection of judge, dispensed with, but can only be departed from under provisions of law permitting another to preside over proceedings of court in lieu of regular judge.

**7. Judges** ⊚⟳25(1)—**Special judge selected to try case held without authority, where agreement recited selection because of regular judge's absence and not disqualification (Const. art. 5, § 11).**

Agreement of counsel selecting special judge, reciting that regular judge was called out of town and that attorneys agreed to continue trial before attorney selected by them, disclosed on its face want of authority of special judge, in that regular judge was not disqualified to hear and determine case as provided; Const. art. 5, § 11, limiting right of parties to select special judge only in event that regular judge was disqualified.

**8. Judges** ⊚⟳54, 56—**Parties could not confer jurisdiction on attorney to try case, where presiding judge was not disqualified and proceedings before special judge were a nullity (Const. art. 5, § 11; Rev. St. 1925, art. 1885).**

Under Const. art. 5, § 11, and Rev. St. 1925, art. 1885, where presiding judge was not disqualified to try cause, parties could not confer jurisdiction on attorney at law to try case, and selection of attorney, judgment rendered, and all proceedings had before special judge were a nullity.

**9. Judges** ⊚⟳15(1)—**Judges can only be selected to preside over court as provided by law.**

Judges can only be selected and commissioned to preside over court as provided by law.

**10. Judges** ⊚⟳15(1)—**Law permitting parties to select special judge should be strictly adhered to.**

Strict regard for and adherence to very letter of law, permitting parties to select special judge to preside in their cause, should be observed and enforced.

Appeal from District Court, Dallas County; Claud M. McCallum, Judge.

Suit by J. A. Robinson against F. W. Grogan. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Berry, Stokes, Warlick & Gossett, of Vernon, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

VAUGHAN, J. This suit was instituted by J. A. Robinson, appellee, against F. W. Grogan, appellant, to recover damages for malicious prosecution. The cause was submitted to a jury on special issues and on the answers made thereto judgment was rendered in favor of appellee for the sum of $15,500, with 6 per cent. interest per annum thereon from date, together with all costs of suit. Of the many propositions presented as a basis of this appeal, we find it necessary to discuss but one, viz.:

"The judgment of the court is null and void because the regularly elected judge of said court did not try the case, and it was not shown that he was disqualified to try the same, and the attorney sitting as special judge in the trial thereof was not designated in the manner prescribed by law, and the parties could not by agreement confer jurisdiction on the attorney trying the case in order to render a valid judgment."

The case was tried before E. E. Hurt, a member of the Dallas county bar, as judge, as shown by the following agreement spread upon the trial docket and signed by counsel representing the parties litigant, viz.:

"May 23, 1927. After announcement of trial and all demurrers and exceptions and continuances had been overruled, and before the selection of a jury, Judge McCallum was called out of the town, and the attorneys for plaintiff and defendant agreed that said cause should continue on trial and agreed that E. E. Hurt, an attorney of this bar, could sit as judge in trial of this cause, and E. E. Hurt was sworn to try said cause. [Signed] John N. Touchstone, Attorney for Plaintiff. [Signed] Russell & Russell, H. T. Bowyer, Attorneys for Defendant."

The agreement of counsel selecting the special judge to try the case was not entered in the minutes. Appellee, therefore, contends that appellant is not in position to sustain this proposition, on the ground that the agreement was merely noted on the judge's trial docket, not entered in the minutes of the court, and therefore constitutes no part of the record of this cause. We will briefly review the cases cited in support of this counterproposition, viz.:

Swearingen v. Wilson, 2 Tex. Civ. App. 157, 21 S. W. 74. In this case, as shown by section 1 of the syllabi, it was held:

"An entry on the motion docket in the court below is no part of the record on appeal, though a copy of such entry appears in the transcript, as the judge's notes are for his own convenience, or that of the clerk making the entry; and the appellate court will not review an alleged order overruling a motion when the record does not otherwise show that it was called to the attention of, or passed on by, the court below."

Cow Bayou Canal Co. v. Orange County (Tex. Civ. App.) 158 S. W. 173. The trial court, on the second trial of this case, refused to hear and consider special exceptions then presented, on the ground that same were ruled upon in the previous trial. This ruling was only evidenced by notation upon the judge's docket. It was held that said notation appearing in the transcript, but not in the minutes, was not sufficient, and the order formed no part of the record in the case.

Hudgins v. Meeks (Tex. Civ. App.) 1 S. W. (2d) 681. In this case certain orders were made and noted by the court on the trial docket preliminary to and including final judgment, none of which were prepared and entered in the minutes of the court, but the notations of said orders as made on the

⊚⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

court's trial docket were included in the transcript.

[1, 2] We think that each case presents a state of facts entirely different from the instant case, viz. appellant and appellee, acting through their counsel of record, entered into a written agreement, spread upon the court's trial docket, stating the reasons for the selection of a special judge, the selection of such judge, and including the statement that oath of office was duly administered, and signed by said counsel. It is true the agreement thus entered into under the very nature of its execution did not become in the usual formal way a file paper in said cause—that is, delivered and received by the clerk as a document to be placed and kept with the papers in this cause—and the act of filing was not evidenced by the "file mark" of the clerk indorsed thereon. However, it must undoubtedly be conceded that the agreement as made was of equal dignity and entitled to as much consideration and effect as if same had been made in the usual form, viz. a separate and distinct instrument duly filed with the clerk as a part of the proceedings in the cause. Therefore we think the instant case differentiated upon the facts, in that the cited cases involved merely the question of an order that had theretofore been made and noted by the trial judge on the court's trial docket and not entered in the minutes, while in the instant case, the agreement was in writing, spread upon the court's trial docket, signed by the attorneys for the parties, and complete within its own terms, and upon the authority of which a member of the bar, therein agreed to as special judge, took the oath of office, and proceeded to hear and determine the matter in controversy between the parties. If this agreement had been a document separate and independent of the judge's trial docket and filed with the clerk of the court, we do not think it would have been necessary for same to have been entered in the minutes of the court before it could be the basis for reviewing the proceedings had under said agreement. In other words, the agreement as made did not occupy the position of an order made by a judge of a court of record, viz. not to be considered as a part of the record of a judicial proceeding unless and until entered in the minutes of the court, the authentic evidence of proceedings had in the course of a judicial determination. The only effect of the agreement was to dispense with the presence of the regular judge who, under the law, alone had authority to preside over the proceedings of the 101st judicial district court, and required to hear and determine as such judge all matters in which he was not under the law recused.

[3, 4] By article 1886, R. C. S. 1925, the clerk of a court is required, when the parties to a cause therein pending have agreed upon a special judge to try their cause on account of the disqualification of the judge accredited to that court, to make a record of such proceedings, showing:

"(1) That the judge of the court was disqualified to try the cause; and

"(2) That such special judge (naming him) was, by consent agreed upon by the parties to try the cause; and

"(3) That the oath prescribed by law has been duly administered to him."

This statute does not require, nor in fact by its terms even contemplate, that the agreement must be reduced to writing and signed by the parties before becoming effective, but rather presupposes that the agreement will be oral and made in open court by the parties and perpetuated as a part of the record of the proceedings had by being entered in the minutes of the court. The disqualification of the regular judge denied him the authority to enter any material order in the case. He could note his disqualification, but could not preside in the trial of that cause in any other respect. By reason of this fact, the law made it the duty of the clerk to enter in the minutes of the court the proceedings mentioned in subdivisions 1, 2, and 3 of article 1886, supra; this being necessary in order that a record thereof should be preserved. Such a necessity to preserve the record does not exist where the parties, as in the case before us, select a special judge by written instrument, duly signed by the attorneys of record in the cause, reciting therein the reason for the making of such selection, and that the oath of office was administered to the special judge. Said agreement became the record of such proceedings and dispensed with the necessity of entering same in the minutes of the court as a means of preserving a record thereof.

We are of the opinion that, in order to be considered, it was not necessary for the agreement to have been carried into the minutes of the trial court. Bailey et al. v. Triplett Bros. (Tex. Civ. App.) 278 S. W. 250.

[5] It is further contended by appellee that appellant's proposition cannot be considered because this court will not inquire into the question of disqualification of the judge because that issue was not raised in the trial court. Appellant made no complaint by bill of exception, or otherwise, to the action of the special judge in trying the case. This, however, was unnecessary, it being well settled that the question presented is one of fundamental error and may be raised for the first time on appeal. Bailey et al. v. Triplett Bros., supra, and authorities therein cited.

[6] The cases cited by appellee in support of his counterproposition, viz. Kaufman County v. Gaston (Tex. Civ. App.) 273 S. W. 273, Mercer, etc., Co. v. Fikes (Tex. Civ. App.)

211 S. W. 830, and R. Co. v. Hood, 59 Tex. Civ. App. 363, 125 S. W. 982, were based upon a different state of facts to the facts of the instant case, and which did not involve in any respect the selection of a special judge by the parties to try either one of the cited cases, the question in the cited cases being the disqualification of the regular judge to hear and determine the cause, and that of the instant case the selection by the parties of a special judge to hear and determine a particular cause; in other words, the act of dispensing with the services of the regular judge and substituting therefor the services of a special judge. It is undoubtedly the inexorable policy of the law that the duly elected and commissioned judge of a court shall preside over all proceedings to be had in the court to which he is accredited. This requirement cannot be voluntarily waived by litigants or by the mere predilection of the judge dispensed with, but can only be departed from by and under the provisions of the law permitting another to preside over the proceedings of such court in lieu of the regular judge.

Appellee earnestly contends that, as the record does not disclose how Hon. E. E. Hurt became special judge, appellant, having participated in the trial without objection, cannot question the authority of said judge to act for the first time on appeal. In the case of Shultz & Bro. v. Lempert, 55 Tex. 273, the court, speaking through Judge Gould, held:

"Properly, the record should in all cases show how the special judge had authority to act; but we are not of opinion that a party who has, without objection, participated in a trial before one purporting to be special judge, but not purporting to be so by agreement of parties, or by appointment for the special case, can afterwards be heard to object, on appeal, that the authority of the special judge does not appear."

[7] Giving this language the force and effect contended for by appellant, which we are not prepared to acquiesce in, we think that the record in this case would, under the application of the rule of law thus contended for, justify the holding that appellant is not estopped to object on this appeal that the authority of the special judge to act does not appear from the record, but, to the contrary, the agreement under which he was selected discloses on its face the want of his authority in that the regular judge was not disqualified to hear and determine this case, and the parties under the law were limited to the right to select a special judge only in the event that the regular judge was disqualified to hear and determine said cause. The agreement of the parties shows that E. E. Hurt was agreed to, not because the regular judge was disqualified, but because he was called

out of town. Article 5, section 11, of the state Constitution, in part, provides as follows:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case. * * * When a judge of the district court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or, upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law."

[8-10] The presiding judge not being disqualified to try the cause, the parties could not confer jurisdiction on Hon. E. E. Hurt to try same; therefore the judgment rendered by him is a nullity. Judges can only be selected and commissioned to preside over a court as is provided for by law (2 Cooley's Constitutional Limitations [8th Ed.] p. 827), and a strict regard for and adherence to the very letter of the law permitting parties to select a special judge to preside in their cause should be observed and enforced.

We are constrained to hold that the act of the parties in selecting the special judge was independent of constitutional and statutory provisions conferring judicial authority, and that the selection of the special judge by the parties to this cause was unauthorized by law, nay, in violation of same; that his appointment, therefore, was a nullity, as well as all proceedings had before him as special judge in this case. Article 5, § 11, Texas State Constitution; article 1885, R. C. S. 1925; Bailey et al. v. Triplett Bros., supra; Summerlin v. State, 69 Tex. Cr. R. 275, 153 S. W. 890; Dunn v. Home National Bank (Tex. Civ. App.) 181 S. W. 699; Cohn v. Saenz et al. (Tex. Civ. App.) 194 S. W. 685; Pickett v. Michael (Tex. Civ. App.) 187 S. W. 426.

Judgment of the trial court reversed, and the cause remanded for further proceedings.

Reversed and remanded.