### WARNER v. BUCKLEY et al.
No. 2536.

Court of Civil Appeals of Texas. El Paso.
July 9, 1931.

Rehearing denied Sept. 17, 1931.

John J. Yowell, of Chicago, Ill., and Chas. G. Russell, of San Angelo, for appellant.

Paul Moss, of Odessa, Russell & Starley, of Pecos, and Wurdeman, Stevens & Hoester, of Clayton, Mo., for appellees.

WALTHALL, J.

At a former day of the present term of this court we handed down an opinion in this case. On a review of what we there said we have concluded that we were in error, and we now withdraw that opinion, and in lieu thereof substitute the following:

The record shows that this case was not tried before Hon. Charles L. Klapproth, the regular district judge of the district court of Ector county, but was tried before Hon. John L. Fowler as special district judge, selected by the practicing attorneys present, in the absence of the regular judge. The record shows the regular term of the court came on to be held on September 29, 1930; the regular district judge, the sheriff, district attorney, and district clerk all being present when the following proceedings were had:

"Friday, October 10th, 1930.
"On this day came on to be held an election of a Special Judge to preside at the balance of the unexpired term of the Honorable District Court of Ector County, Texas, the regular Judge, Chas. L. Klapproth now being confined to a hospital and not being present, and the attorneys at this bar present, to-wit: W. R. Smith, Jr., D. Vance Swann, E. C. Locklear, Paul Moss and John L. Fowler. It is ordered that a special judge be elected to fill out the unexpired term of said Court now in session. Motion made by Paul Moss that John L. Fowler be nominated and seconded by D. Vance Swann. Motion by W. E. Smith, Jr., that said nominations be closed and John L. Fowler be unanimously elected and second-

ed by D. Vance Swann. Motion put to a vote and all attorneys present voted in favor of said motion. It is therefore ordered that John L. Fowler is elected Special Judge of the District Court of Ector County, Texas, to fill out the unexpired term of the September Term, A. D. 1930, of said Court."

The prescribed oath of office was then taken and subscribed by the special judge before the district clerk on the day of the election with the seal of the district court impressed thereon.

Appellant duly assigned error, and presents propositions on the ground to the effect that Hon. John L. Fowler was assuming to act as special judge in this cause over his objection and protest, said election as special judge not having been held, and he not having been elected as such special judge in accordance with the provision of the statute for the election of a special judge.

Appellees object to a consideration of appellant's propositions because, as asserted, said propositions "do not raise propositions of law reserved by any assignment, and do not embrace questions raised by assignments of error," and that "appellant having submitted his case to the trial court without objection to the manner in which the Special Judge was elected cannot raise said question, but is estopped."

■ The objections, we think, are not well taken. The fact that the special judge was, at the time of his election, county attorney of Ector county, would not disqualify him as special judge. Our courts have so held, and we need not further discuss that ground of disqualification. The only question we need to discuss as a disqualifying cause is: Do the minutes of the clerk, as above, show a substantial compliance with statutes providing for the election of the special judge to try this case; the record of the minutes of the clerk of the proceedings had in the election of the special judge being the evidence of the election and qualification of the special judge.

Article 1887 of our Civil Statutes provides: "Should the judge of a district court on the first or any future day of a term, fail or refuse to hold the court, the practicing lawyers of the court present may elect from among their number a special judge who shall hold the court and proceed with the business thereof."

The minutes of the clerk show that the regular judge was at that time, a day of the unexpired term, confined to a hospital, and was not, and could not be, present. We conclude therefrom that the regular judge, on October 10, 1930, failed to hold the unexpired term of the court, and that an election of a special judge could then be had.

Article 1888 of the Civil Statutes provides that such election shall be by ballot, the practicing lawyers in attendance are entitled to participate and each entitled to one vote, and that a majority of the votes cast shall be necessary to the election of such special judge.

Article 1889 of the Civil Statutes provides: "The election shall be conducted as follows: The sheriff or constable shall make proclamation at the court house door that the election of a special judge of the court is about to be made by the practicing lawyers present; the clerk shall then make a list of the practicing lawyers present; and such lawyers shall then organize and hold the election."

The next succeeding article of the statute provides for the election of a sheriff and clerk pro tempore should the sheriff or constable and clerk fail or refuse to act, and that such elected sheriff and clerk shall perform the duties of such officers.

Article 1891 of the Civil Statutes provides that "the clerk shall enter upon the minutes of the court a record of the election of such special judge, showing;

"1. The names of all the practicing lawyers present and participating in such election.

"2. The fact that the public proclamation was made at the court house door that such election was about to take place.

"3. The number of ballots polled at such election and the number polled for each person, and the result of the election.

"4. That the oath prescribed by law has been duly administered to the special judge."

The election of the special judge is to supply the absence of the regular judge, and thus prevent a failure to hold a term of the court.

■ It is a well-established rule that judicial power may be conferred upon a court, or person, only by authority of law, and it is the right of litigants to have their cases tried before the judge duly chosen to discharge the judicial functions of the Court. Volume 33, C. J. p. 1024, § 203, and cases cited in notes.

■ The record shows that the regular judge of the district court, by reason of sickness and confinement in the hospital, was disabled from holding the term of the court, and the question presented here goes only to the sufficiency and regularity of the election of the special judge to authorize him to hold the unexpired term of the court and try this case. If the record of the election does not show a substantial compliance with the statute providing for the election of the special judge, there could be no judgment in the case, and the proceeding had on the trial would be a nullity. The statute is plain, explicit, and unambiguous in stating the proceedings that must be observed in the election of a special judge.

There are some minor or less important provisions of the statute, if it can be said that some of its provisions are less important than

others, which the record does not show were observed in holding the election, such as organizing the lawyers present into an electoral body in order that it might be orderly or determined by the lawyer taking part that the election of a special judge is about to be made, and in order that the sheriff or constable could make proclamation at the courthouse door that such election is about to be made; the statute requires that the voting for the special judge be by ballot, which the record does not show was done. We do not, however, base our holding upon a failure to observe the above requirements of the statute.

■ The statute provides that "the sheriff or constable shall make proclamation at the court house door that the election of a special judge of the court is about to be made by the practicing lawyers present." The clerk then makes the list of the practicing lawyers present, and the lawyers present then organize and hold the election. To stress the importance, if not the necessity, of such proclamation as above, the statute provides that, should the sheriff or clerk fail or refuse to act in the matter of making such proclamation or list, the lawyers thus organized may appoint a sheriff and clerk pro tempore to perform such duties. The record does not show that such proclamation, or any proclamation, was made, or attempted to be made, at the courthouse door that an election of a special judge was about to be made.

The above proclamation is the only notice of the election of a special judge provided by statute for giving notice to litigants or the public.

We think the failure to make the proclamation at the courthouse door is not a mere irregularity in the proceedings, but an absolute failure to comply with a plain and necessary provision of the statute in the proceedings prescribed in the election of a special judge, which the statute says shall be done, and that the failure to make such proclamation voids the election. We have found no case discussing the direct point at issue.

In Grogan v. Robinson (Tex. Civ. App.) 8 S.W.(2d) 571, 574 (a writ of error refused), the Dallas court said that "a strict regard for and adherence to the very letter of the law permitting parties to select a Special Judge to preside in their cause should be observed and enforced."

In Clements v. Fort Worth & D. S. P. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 895, 898, the Amarillo court said: "The rule is that a judgment rendered by a special judge who had not been appointed or selected in accordance with the constitutional and statutory requirements governing such matters is an absolute nullity."

That case arose under article 3266, R. C. S. The court said that the article contemplates that there must first be a bona fide attempt to agree upon a special judge, and that the parties have failed to agree before the certificate provided for can properly be made, and further provides the procedure for the appointment of a special judge in the cases. The court further said: "It has not been complied with in the instant case. It follows, from what has been said, that Judge Easter [the special judge appointed by the governor, based upon the certificate] was not a de jure judge, and had no authority to appoint commissioners to assess the damages [in a condemnation proceeding for right of way]. It also follows that the commissioners acted without authority."

The court reversed the case holding that judgment of a special judge, not appointed as provided by the statute, was a nullity, and referred to Bailey v. Triplett Bros. (Tex. Civ. App.) 278 S. W. 250; Summerling v. State, 69 Tex. Cr. R. 275, 153 S. W. 890; Dunn v. Home Nat. Bank (Tex. Civ. App.) 181 S. W. 699; Pickett v. Michael (Tex. Civ. App.) 187 S. W. 426; T. & P. Coal Co. v. Ready (Tex. Civ. App.) 198 S. W. 1034; Cohn v. Saenz (Tex. Civ. App.) 194 S. W. 685.

It is true that the cases referred to are where appointments of a special judge have been made, or where parties litigant have agreed among themselves upon a special judge to try a case, but the facts or circumstances provided by the statute did not exist which authorized such appointment or agreement. In such cases the courts have uniformly held that such appointment or agreement, in the absence of facts authorizing such appointment or agreement, did not have the effect to clothe the special judge with judicial authority.

In the instant case, the statute provides for the election under the circumstances then present of a special judge, and that the "election shall be conducted as follows": The officer named shall make proclamation, stating the place, the facts to be proclaimed, by whom the election is to be made, the names of those taking part listed, and that those listed "shall then organize and hold the election." The statute then requires that the clerk shall enter upon the minutes of the court the fact that such proclamation was made, thus preserving the evidence of such fact, showing the importance attached to such proclamation by the legislature in the election of a special judge.

The election of a special judge, in order to have the constitutional sanction, must be held "in such manner as may be prescribed by law." Const. art. 5, § 11. There are many instances in the administration of the law in which a proclamation or public notice of some kind is required to be made, and upon the making or giving of which the rights of parties depend. We need not enter upon a discussion of so extensive a subject, but must content ourselves by simply saying that in the

election of a special district judge the statute explicitly provides that a proclamation shall be made that such election is about to be made, and that then, and not until then, such election shall take place. The proclamation provided by the statute is in the nature of a condition precedent to an election by the practicing attorneys present, as also seems to be the preservation of such fact by its entry on the minutes of the courts.

We think the proclamation prescribed by the statute necessary to a proper election of a special district judge, and that, because such proclamation was not made, the proceedings had in the trial of this case were void.

Judicial power is a sovereign power exercised through a mandate from the state, and the exercise of that power by any person other than the regular judge must be supported by the sanction of the state as prescribed.

For the reason stated, the case must be reversed and remanded, and it is so ordered.