## JOHNSON v. WILLACY COUNTY WATER CONTROL & IMPROVEMENT DIST. NO. 1.

### No. 10797.

Court of Civil Appeals of Texas. San Antonio.

Jan. 31, 1940.

· P. G. Greenwood and Myrick & Johnson, all of Harlingen, for appellant.

Smith & Hall, of Edinburg, for appellee.

MURRAY, Justice.

This is a condemnation proceeding in which the appellee, Willacy County Water Control & Improvement District No. One, filed a petition for condemnation, on September 27, 1938, against the then owner of the land in question, Herman Schieffer, to condemn a right-of-way described in the petition over which to build a canal embankment for the purpose of irrigating lands within the water district. Intervener below and appellant herein, Myrlin O. Johnson, purchased the property from the original owner, Herman Schieffer, and in said purchase received an assignment of the cause of action for damages in this cause.

Hearing was had on the 28th day of September, 1939, and judgment was rendered on October 9, 1939, by Honorable James R. Norvell, as special judge of the County Court of Hidalgo County. The trial was to the court, without the intervention of a jury, and resulted in a judgment affirming the award made by the commissioners, allowing $25 per acre for the 7.4 acres of land condemned, and denying any further relief for damages in behalf of the intervener, from which judgment Myrlin O. Johnson has appealed.

While appellant did not question the authority of the special county judge in the court below and although no assignment of error is presented on this appeal raising such question, nevertheless, counsel for appellant did suggest during oral agreement that this Court is without jurisdiction to hear this cause because the special judge was not properly selected, and was therefore without authority to act. Appellant has filed a memorandum of authorities in support of this suggestion and appellee has likewise filed a memorandum of authorities answering such suggestion.

If the record should disclose that the special judge was not selected in one of the manners provided either by Art. 1930 or 1934, R.C.S.1925, such matter

would present a question of fundamental error and would not be waived by the appellant voluntarily appearing and trying his case before such special judge without objection or exception. Grogan v. Robinson, Tex.Civ.App., 8 S.W.2d 571; Bailey v. Triplett Bros., Tex.Civ.App., 278 S.W. 250.

Such question of fundamental error is governed by two well established rules in this State.

■ The first rule is to the effect that where a case has been tried before a special judge, without exception or objection, and the record is silent as to the reason for and manner of his selection as such special judge, the appellate court will presume that the proper cause existed for the election of such a special judge, and that he was selected in one of the manners provided by statutes, Art. 1930 or 1934, R.C.S. 1925, for the selection of such special judge. Bailey Bros. v. Lochman, Tex.Civ. App., 241 S.W. 626; Hess v. Dean, 66 Tex. 663, 2 S.W. 727; Compere v. Girand, Tex. Civ.App., 42 S.W.2d 278; Shultz & Bro. v. Lempert, 55 Tex. 273.

■ The second rule is that where the record affirmatively shows that the special judge was selected for a reason not provided by the statutes, or that he was not elected or appointed in the manner provided by law, then and under such circumstances fundamental error is presented and must be noticed by an appellate court, whether assigned or not. Pickett v. Michael, Tex.Civ.App., 187 S.W. 426; Dunn v. Home National Bank, Tex.Civ.App., 181 S. W. 699; Grogan v. Robinson, Tex.Civ. App., 8 S.W.2d 571.

■ Among the findings of facts made and filed herein we find the following: "(8) The Honorable Oliver C. Aldrich, being unable to hear this cause, J. R. Norvell, a duly licensed and practising attorney was, by agreement of the parties selected as Special Judge to hear the proceedings, and duly qualified as such Judge, as provided by law."

This finding of fact affirmatively shows that the Special Judge, J. R. Norvell, Esquire, was selected by agreement of the parties, a method provided for by Art., 1930, for the reason that the regular judge was unable to act, a reason provided for in Art. 1934, supra.

It is suggested by appellee that even though the finding is that the regular County Judge was unable to act, such finding does not preclude the idea that he may not also have been disqualified to act. We cannot agree with this contention. A fair interpretation of the finding is that the special judge was agreed upon for the reason that the trial judge was unable to act. If the regular judge had been disqualified it could have been stated in a few words, and there would have been no occasion to mention his being unable to act.

In Pickett v. Michael, Tex.Civ.App., 187 S.W. 426, it was held that the judgment of a special judge, selected by agreement, was a nullity and void because the record showed the special judge was selected by agreement of parties because the regular judge had to undergo a surgical operation the following day and therefore had to be absent. It might have been argued in that case that there was nothing inconsistent between being absent for an operation and also being disqualified, and that in addition to being absent the trial judge might also have been disqualified, which fact was not expressly negatived, but the court held that the record disclosed the selection of the special judge for a reason other than that of his disqualification.

In Dunn v. Home National Bank, Tex. Civ.App., 181 S.W. 699, a special judge was selected by agreement of parties because the trial judge was absent under quarantine restrictions. He might also have been disqualified, but the judgment was reversed because the special judge was not qualified to act and his judgment was void.

In Grogan v. Robinson, Tex.Civ.App., 8 S.W.2d 571, the special judge selected by agreement of the parties was held to be disqualified, the record showing that a special judge was selected by agreement of the parties, because the regular judge was called out of town. The record does not affirmatively show that such regular judge was not also disqualified to try the cause.

In the above three cases the court held, in effect, that the parties were bound by the record and it is presumed the special judge was agreed upon for the reason stated, although the record did not affirmatively show that there were not other reasons.

Following these authorities, we feel that we must presume that in the case at bar a special judge was agreed upon by the parties for the reason, and only for the reason, that the regular judge was unable to try the case. This being the case the special judge was without authority to act and

his judgment rendered herein is a nullity and void.

The judgment is reversed and the cause remanded.

NORVELL, J., did not participate in the decision of this case.