## METROPOLITAN LIFE INS. CO. v. PAINTER.

### No. 4365.

Court of Civil Appeals of Texas. Texarkana.

Oct: 20, 1933.

Rehearing Denied Nov. 2, 1933.

Leake, Henry & Young, of Dallas, for appellant.

T. H. Briggs, of Gilmer, for appellee.

SELLERS, Justice.

It appears this case was tried before the Honorable W. R. Stephens as special district judge for the Seventh judicial district court of Upshur county. The only reference to his selection as special district judge is contained in the following order:

"On this, the 6th day of June, A. D. 1932, assembled in open meeting in the Court House of Gilmer, Upshur County, Texas, came attorneys of record for the purpose of electing a special District Judge for the 7th Judicial District to preside in the absence of the Hon. Walter G. Russell as provided by. law at the special term of Court ordered by the said Hon. Walter G. Russell to be holden in said court house in Upshur County, Texas.

"W. A. McIntosh, a member of the local bar, called the meeting to order and declared nominations in order for the election of a chairman to preside.

"Mr. McIntosh nominated T. H. Briggs for chairman and said nomination was duly seconded by W. R. Stephens.

"T. H. Briggs was unanimously declared chairman by viva voce vote of all members present.

"Nominations were declared in order for the election of Special Judge to preside at the special term of Court for the 7th Judicial District Court of Upshur County, Texas, declared by the Hon. Walter G. Russell and said order entered on the docket by the Clerk of said court.

"Ballots were passed to members present by the tellers appointed, namely, Milton Greer Mell and Wm. E. Kinnear and after same were duly collected and counted by said tellers, a true copy of which are attached hereto and made a part hereof.

"Candidates for Special Judge 7th Judicial District:

| | |
|---|---|
| "W. R. Stephens | 10 |
| "Milton Greer Mell | 2 |
| "W. A. McIntosh | 4 |
| "M. B. Briggs | 1 |

"It appearing from said count that W. R. Stephens received a majority of the votes of the members present, the chairman, T. H. Briggs, declared the said W. R. Stephens elected Special Judge of the 7th Judicial District Court of Upshur County, Texas, to preside during the remainder of the Special Term of Court heretofore called and declared on the 10th day of May, A. D. 1932, by the Hon. Walter G. Russell."

It will be observed that the above order makes no reference to any proclamation having been given by the sheriff at the courthouse door that an election of a special judge was about to be held. The El Paso Court of Civil Appeals, in a recent opinion by Justice Walthall in the case of Warner v. Buckley et al., 42 S.W.(2d) 116, 118, held:

"The statute provides that 'the sheriff or constable shall make proclamation at the court house door that the election of a special judge of the court is about to be made by the practicing lawyers present.' The clerk then makes the list of the practicing lawyers present, and the lawyers present then organize and hold the election. To stress the importance, if not the necessity, of such proclamation as above, the statute provides that, should the sheriff or clerk fail or refuse to act in the matter of making such proclamation or list, the lawyers thus organized may appoint a sheriff and clerk pro tempore to perform such duties. The record does not show that such proclamation, or any proclamation, was made, or attempted to be made, at the courthouse door that an election of a special judge was about to be made.

"The above proclamation is the only notice of the election of a special judge provided by statute for giving notice to litigants or the public.

"We think the failure to make the proclamation at the courthouse door is not a mere irregularity in the proceedings,. but an absolute failure to comply with a plain and necessary provision of the statute in the proceedings prescribed in the election of a special judge, which the statute says shall be done, and that the failure to make such

proclamation avoids the election. We have found no case discussing the direct point at issue. * * *

"We think the proclamation prescribed by the statute necessary to a proper election of a special district judge, and that, because such proclamation was not made, the proceedings had in the trial of this case were void.

"Judicial power is a sovereign power exercised through a mandate from the state, and the exercise of that power by any person other than the regular judge must be supported by the sanction of the state as prescribed."

On this authority, deciding the direct point here, there is necessitated the ruling that the judgment in this case is void.

The judgment of the trial court will be reversed, and the cause remanded.